ARCHIBALD G. PEACHY AND FREDERICK BIL- /4 - 394 LINGS, RESPONDENTS, *v.* ARCHIBALD A. RITCHIE, APPELLANT.

[1]ARBITRATION, STATUTE CONSTRUED.—The statute concerning arbitrations is but a re-affirmance of the common law, and gives to the parties no higher rights than they might have asserted in a court of equity, in case of mistake, fraud or accident.

[1] Cited in *Carsley* v. *Lindsay*, 14 Cal. 394.

APPEAL from the Fourth Judicial District.

This was a submission, under the statute, to arbitrators, to settle a controversy between the parties, arising out of a claim by the plaintiffs against the defendant, for professional services.

Upon the coming in of the award of the arbitrators, which was in favor of the plaintiffs, the defendant moved to set it aside and for a re-hearing, on the following grounds:

[206]     * 1st.  Because the arbitrators refused to hear pertinent evidence.

2d.  Because the arbitrators committed error in inferring facts not authorized by the premises, in a manner by which the rights of the party defendant were prejudiced.

3d.  Because the arbitrators committed error in receiving and acting upon parol proof, in the matter of the item of the suit of *Smith* v. *Dorland,* in the United States District Court, there being no written promise or engagement in reference thereto, and thereby the rights of the party defendant were prejudiced.

4th.  Because the arbitrators exceeded their authority in making the award as to the item of account in the case of *Smith* v. *Dorland,* in the United States District Court, that being a debt of a third party, without a written promise to fix a legal liability.

5th.  Because the arbitrators exceeded their powers in making their award as regards an item of $6000, for the proof only established a contingent promise to pay the same; moreover, the proof showed that one Robert Waterman was legally and beneficially interested therein, with notice of the interest to plaintiffs.

6th.  Because the arbitrators committed gross error and "acted improperly," in the allowance of the item of account charged in the case of *Smith* v. *Dorland,* in the United States District Court.

7th.  Because the arbitrators committed gross error, and acted improperly, in the item of the account of the $60000 item, because the proof showed that the services for which

the same was charged, was with notice that the same was for the benefit of defendant with Waterman.

8th. Because the promise to pay the $6000 item was upon condition that the plaintiffs would perform certain other services, which they had not performed. The defendant filed his own affidavit in support of the 8th objection.

. The Court overruled the defendant's motion, and entered judgment in favor of plaintiffs, upon the award, for $7,119.

The defendant appealed.

*Mr. Ch. J. MURRAY delivered the opinion of the    [207] Court. Mr. Justice WELLS concurred.

This appeal is prosecuted from a decision of the Court below, refusing to set aside an award of arbitrators.

The matters in controversy were regularly submitted to arbitration, with a stipulation that the finding of said arbitrators should be made an order of Court, and judgment be entered thereon.

Upon the coming in of the award, the appellant moved to set the same aside on several grounds. The Court below refused to entertain the motion, because the statement containing the evidence and facts as they transpired before the arbitrators, was not agreed on by the parties, or verified by the affidavit of the appellant.

It is not necessary for us to examine this decision, or indicate in what manner a statement should be made up in such cases, as the grounds set forth in the appellant's motion to vacate the award, were wholly insufficient.

Our statute is but a reaffirmance of the common law, and gives to the parties no higher rights than they might have asserted in a court of equity in case of mistake, fraud or accident. The misconduct, contemplated by the statute, was intended to apply to improper conduct in fact, such as that of a witness or juror, as contradistinguished from mere error of judgment.

The whole doctrine of arbitration was fully reviewed by

this Court in the case of *Muldrow* v. *Norris,* 2 Cal. 74, in which we decided that we would not disturb the general finding of arbitrators, and that an award could not be set aside except in the cases there mentioned.

This cause presents no features which would take it out of that rule; and if, by a forced construction of the statute, the award of arbitrators could be attacked on such grounds, it destroys the utility of this mode of adjusting private differences, and obliterates all distinction between arbitrations and references under the statute.

Judgment affirmed, with costs.