In the Matter of the Application of BENIE ASKOVITZ and Another, Copartners, Respondents, for an Order Directing that the Arbitration Provided for in the Certain Contract in Writing Entered into between the Petitioners and ELIA GABAY, Appellant, in November, 1928, Proceed Pursuant to the Provisions Thereof and of the Arbitration Law.

Second Department, April 7, 1930.

*Nathan M. Padgug*, for the appellant.

*Solomon Weingarten*, for the respondents.

TOMPKINS, J. On or about the 29th of November, 1928, the respondents and appellant made a written contract by which the respondents agreed to alter two buildings owned by the appellant at 120 South Eighth street, Brooklyn. The contract price was $11,500. It contained the following provisions for arbitration:

" 29. All questions in dispute under this contract which may at any time arise shall be submitted to arbitration at the choice of either party to the dispute. * · * * Either party hereto may give notice in writing to the other of a desire and request to so arbitrate. It is understood and agreed that if either party or if both of the parties hereto request an arbitration of any differences that may arise, such differences arising shall be arbitrated before three persons to be picked as follows: The contractors and the owner shall each designate a person to act as an arbitrator and the third person shall be picked from a list submitted by the American Arbitration Society in accordance with their rules and regulations."

While the work was in progress, disputes arose between the parties respecting payments, delays and the failure of respondents to pay subcontractors who filed liens against the appellant's premises. Thereupon, respondents moved at Special Term for an order directing arbitration under the above provisions of the contract and the Arbitration Law of the State. The motion was granted on May 11, 1929, and on appeal to this court the order of the Special Term was affirmed with the following memorandum: " Order granting motion to direct arbitration affirmed, with ten dollars costs and disbursements. There is no proof in this record that the contractors filed liens." (227 App. Div. 752.) On June 14, 1929, after the appeal to this court, just referred to, had been taken, the respondents filed a notice of mechanic's lien to save their interests from being jeopardized by the delays in the arbitration proceeding, and thereafter appellant made another motion to vacate the order of the Special Term directing arbitration, on the ground that the respondents had filed notices of lien. From the denial of that motion this appeal was taken.

The appellant's claim on the first motion and on the former appeal to this court was that the filing of mechanics' liens against the appellant's premises by subcontractors had operated as a waiver of the respondents' rights under the arbitration clause and as a release of the appellant's obligation thereunder. This court affirmed the order denying the former motion on the ground that there was no proof that mechanics' liens had been filed by the contractors. After the decision of the Special Term denying appellant's motion, the respondents filed a notice of mechanic's lien against the appellant's premises, and the appellant, on his second motion, claimed, as he claimed before, that the filing of a mechanic's lien by subcontractors and by the respondents acted as a waiver of their rights under the arbitration provisions of the contract.

Section 2 of the Arbitration Law (as amd. by Laws of 1921, chap. 14) provides: "A provision in a written contract to settle by arbitration a controversy * * * shall be valid, enforcible and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract."

The cases cited in the appellant's brief in support of his claim hold, in substance and effect, that parties to a contract containing an arbitration clause may waive their rights thereunder and may resort to any other method of settlement, and that a party to such an agreement may waive and abandon his rights thereunder. (*Matter of Zimmerman* v. *Cohen*, 236 N. Y. 15; *Matter of Young* v. *Crescent Development Co.*, 240 id. 244.)

In my opinion, the respondents cannot be regarded as having waived or abandoned their rights under the contract arbitration clause, unless they have manifested an intent so to do. In *Matter of Young* v. *Crescent Development Co.* (*supra*, p. 252) the court said: " Waiver and abandonment are so much a matter of intent decided by the particular facts of a given case that it is difficult to find authorities which are particularly pertinent." In the *Young* case, above cited, it was held that the filing of a mechanic's lien indicated an intention on the part of the claimant to pursue his remedy thereunder and by an action to foreclose. It was after the filing of the notice of mechanic's lien that the claimant. in that case sought a settlement of his claims by arbitration, and the court held that the prior filing of his mechanic's lien notice indicated an intention to abandon or waive his arbitration rights, and this decision, apparently, was the reason for the enactment by the Legislature of section 35 of the Lien Law (as added by Laws of 1929, chap. 515) as follows: " The filing of a notice of lien shall not be a waiver of any right of arbitration of a contractor, subcontractor, material man or laborer secured to him by his contract to furnish labor or materials." This amendment became effective October 1, 1929, and was not retroactive, hence does not apply here. The facts in this case, however, do not justify the inference that the respondents, by filing a notice of mechanic's lien, intended to relinquish or abandon their arbitration rights. They made a motion against the appellant for an order directing an arbitration of their differences and disputes under the arbitration clause of the contract long before their notice of mechanic's lien was filed, thereby indicating an original intention to pursue their rights and seek their remedies against the appellant under the arbitration provisions of the contract. In fact, the order of the Special Term granting the respondents' motion to direct that arbitration proceed was made on the 11th day of May, 1929, and it was not until June 14, 1929, and after the appeal had been taken from that order, that the respondents filed their mechanic's lien notice, and that was obviously done to protect their interests in view of the delay incident to the appeal from the Special Term order and to guard against the possibility of a reversal of said order after the expiration of the time within which they could file their mechanic's lien. Not only do the facts show no intention on the part of the respondents to waive or abandon their right to have their claims adjusted by arbitration, but, on the contrary, there is in the record every manifestation of an intention and purpose on their part to have their differences with the appellant determined under the arbitration provision of the contract, and the filing of the notice of lien by them subsequent to the appeal to

this court from the order of May 11, 1929, was only for the purpose of protecting their rights in the event that the said order should be reversed.

The order appealed from should, therefore, be affirmed, with ten dollars costs and disbursements.

LAZANSKY, P. J., HAGARTY, CARSWELL and SCUDDER, JJ., concur.

Order denying motion to vacate order directing arbitration affirmed, with ten dollars costs and disbursements.