[Civ. No. 8718. First Appellate District, Division Two.—March 9, 1933.]

In the Matter of the Agreement to Arbitrate and Submission to Arbitration of a Certain Controversy Between W. P. FRICK et al., Appellants, and H. P. PRESTON, Respondent.

Gregory, Hunt & Melvin and Melvin & Sullivan for Appellants.

Hatch & Mahl and H. L. Preston for Respondent.

NOURSE, P. J.—Motion to affirm under Rule V, section 3, Rules for Supreme Court and District Courts of Appeal.

The appeal is from a judgment confirming an award of arbitrators. The appellant had moved in the superior court to vacate the award on the ground that the arbitrators "were guilty of misconduct and committed gross error and otherwise acted improperly". He offered in evidence a transcript of the entire evidence taken before the arbitrators for the purpose of showing that the evidence did not support certain findings of facts and conclusions based thereon. The trial court refused to receive the transcript in evidence and, no other showing having been made, entered its judgment confirming the award.

Appellant's brief on the appeal from the judgment is confined to a discussion of the evidence taken before the arbitrators and to the argument that the arbitrators should have drawn a different conclusion as to the relation of the parties. There is no assignment of error and no suggestion

that the trial court erred in its judgment. The single point involved on the appeal is whether the articles of arbitration made it a general or a special arbitration and, as such, whether the award is reviewable. The point is not even referred to in the brief and hence could not be considered if the appeal were to be heard on the merits.

Arbitrations are governed by sections 1280–1293 of the Code of Civil Procedure. Vacation of an award is permitted by section 1288 when it was procured by corruption, fraud or undue means, or when the arbitrators were guilty of misconduct in refusing to hear pertinent evidence, or of any other misbehavior. The appellants made no effort to prove any of the grounds thus specified. The offer of the entire transcript of the proceedings before the arbitrators was simply an offer to retry before the superior court all the issues tried and determined by the arbitrators. The grounds stated in the motion to vacate the award were that the arbitrators were ''guilty of misconduct and committed gross error and otherwise acted improperly'' in that their award was contrary to the evidence, that the evidence was insufficient to support the award and that it was ''against law, equity and good conscience''. Now it is conceded that, if arbitration was a ''general'' one, the findings of the arbitrators on questions of law as well as on questions of fact are final and conclusive and may not be reviewed by the courts (except for fraud or similar misconduct or unless the error appears on the face of the award). (2 R. C. L. p. 392; 5 C. J., p. 161; 3 Cal. Jur., p. 77; *Peachy* v. *Ritchie,* 4 Cal. 205, 207; *Carsley* v. *Lindsay,* 14 Cal. 390, 395; *Utah Const. Co.* v. *Western Pac. R. Co.,* 174 Cal. 156, 160 [162 Pac. 631].) It was not claimed by the appellant that the arbitrators were guilty of fraud or that they were guilty of any misconduct other than that they drew an erroneous conclusion from the evidence as to respondent's legal liability. Hence when the transcript of evidence was offered to the trial court and objection to its admission was made the single question presented to the trial court was whether this was an unqualified submission in which the error of law appeared on the face of the award.

Having determined this question in the negative the trial court rejected the evidence, and, no other attack having been made, the award was confirmed. On the appeal

from this judgment the propriety of this ruling is the only issue before us; but this is the one point upon which appellant's brief is silent. Sixty-two pages of the brief are devoted to comments on the facts of the controversy. These are followed by arguments tending to show that a confidential or fiduciary relation existed between the parties and that an award should have been made favorable to appellant. But these are questions which we cannot determine if the ruling of the trial court was correct. It would seem, therefore, to follow necessarily that, in so far as appellant's brief is concerned, "the questions on which the decision of the cause depends are so unsubstantial as not to need further argument" within the meaning of the rule.

For these reasons the motion to affirm should be granted. We may, however, add what may be said to be mere *obiter dicta* that we have been led to this result after having reached the conclusion that the ruling of the trial court was sound because (1) the arbitration was a general and unqualified one; (2) the reference to the three arbitrators as men each of whom "is by virtue of his learning in the law, ability and integrity fully qualified to arbitrate the controversy between the parties" was designed to foreclose the parties from thereafter attacking the qualifications of the arbitrators and was not intended to limit or qualify the submission; (3) that the tenor of the entire arbitration agreement shows that the parties intended that the arbitration should be unqualified; (4) that, assuming that the opinion of the majority of the arbitrators was a part of the award, nevertheless, it does not appear on the face of the award—including the opinion—that the award was "contrary to the law or the evidence"; (5) that all that does appear herein from the award as well as from appellant's brief is that a majority of the arbitrators may have placed too much credit in the testimony of certain witnesses from which they made the findings of fact upon which their conclusion of law was based. Putting it in another way, all that appears here is that there was a decided controversy between the parties as to certain material facts; that the evidence of these facts was in wide conflict; that two of the arbitrators believed the evidence of respondent and found accordingly. If their finding on these facts was sound the conclusion drawn therefrom was

sound. Hence the issue is really one of fact upon which there is evidence supporting the finding made.

The motion to affirm is granted.

Sturtevant, J., and Spence, J., concurred.