[Civ. No. 7060. Fourth Dist. Apr. 18, 1963.]

PALM SPRINGS HOMES, INC., et al., Plaintiffs and Respondents, v. WESTERN DESERT, INC., Defendant and Appellant.

Dubsick & Helon and Manfredo, Best & Forbes for Defendant and Appellant.

Hindin, Sterling, McKittrick & Powsner and Maurice J. Hindin for Plaintiffs and Respondents.

GRIFFIN, P. J.—On February 15, 1958, Western Desert, Inc., respondent and appellant herein (hereinafter referred to as appellant), and Palm Springs Homes, Inc., petitioner and respondent (hereinafter referred to as respondent) entered into a written agreement which was attached to the application for an order confirming the award of the arbitrators and marked exhibit ''A.'' Paragraph 20 thereof provided that all questions as to the rights and obligations of the parties, arising under the agreement, are to be settled and determined by arbitration. After the execution of the agreement, peti-

tioner and respondent Pauline K. Boltz succeeded to certain of the contractual rights of respondent Palm Springs Homes, Inc., under the aforesaid agreement, and became bound by all of the terms of the agreement. Thereafter, certain disputes arose between the parties and, in accordance with the provisions of the aforesaid agreement, the disputes were submitted to arbitration.

This appeal comes to us on portions of the clerk's transcript alone. A statement of other alleged facts is supplied by respondents' counsel in their briefs. They differ in many respects from the statements set forth in appellant's opening brief. We will set forth some of the undisputed facts to clarify the issues presented.

About October 20, 1959, the arbitrators made their first award. Neither party applied to the court for confirmation of that award and business continued as usual under the contract. Between October 20, 1959, and February 12, 1960, further disputes arose between them. Included among them, as particularly enumerated, was a dispute in relation to the filing of mechanics' liens on 67 parcels of land of respondents upon which houses had been built. Between December 13, 1959, and January 22, 1960, appellant, on March 9, 1960, filed an action in the superior court to foreclose these liens. Respondents, in the arbitration hearing, contended that appellant also committed a breach of the agreement in reference to the submission of all controversies to arbitration by filing the liens as indicated, and claimed that the contract should be declared breached and terminated.

On February 12, 1960, appellant executed a formal submission agreement in writing to determine and decide the issues and controversies between the parties. After hearing, the arbitrators, on May 9, 1960, made an award (denominated second award), declaring the issues presented and the rights of the parties. It awarded $30,645.61 to respondent Palm Springs Homes, Inc., as the total balance due under the agreement. It held that the appellant here breached the agreement by filing the mechanics' liens and allowed no damage for the breach. It held that respondents were entitled to a rescission of the agreement, which latter holding was interlocutory in character. It fixed attorneys' and arbitrators' fees, etc. and decided the remaining issues against appellant.

On August 1, 1960, respondents herein made an application to the court for an order confirming the second award, and

due notice thereof was given. While this application was pending, the arbitrators held further hearings in reference to the rescission of the contract, as ordered in the second award, and all parties appeared, presented evidence, and on December 29, 1960, the arbitrators made and filed a third award, being a final declaration of rescission of the contract, upon condition respondents pay appellant $4,503.

On January 10, 1961, an application was made to confirm this third and supplemental award and due notice was given. The hearing was set for April 7, 1961, and at that time all parties appeared. Counsel for respondents relates in his brief that as of that date appellant herein had not filed an answer to either application of respondents to confirm the award and the supplement thereto, and had not filed any motion to modify or vacate any of the awards; and respondents apparently made some objections to appellant's contesting the order because the three months' statutory time to file a motion to modify the award after the filing of the award had expired. (Citing Code Civ. Proc., § 1290.) That section provided: "Notice of a motion to vacate, modify or correct an award must be served upon the adverse party, or his attorney, within three months after award is filed or delivered as prescribed by law for service of notice of a motion in an action."

The record does not affirmatively show what transpired at the hearing on April 7, 1961. Respondents claim in their *brief* that appellant then orally asked that the awards be modified and that a rescission of the contract be not allowed. It is conceded that appellant had not previously filed any motion to modify or vacate the second or third awards and that more than three months had expired since the filing of the third award. The facts which then occurred are in dispute and the record itself does not disclose them. Respondents' brief recites that at the hearing the appellant herein asked leave of the court to file an answer and to file a motion to modify the award of the arbitrators; that respondents herein objected on the ground that the time within which to file a motion to modify the award of the arbitrators had expired; that the court, however, overruled the respondents' objections and granted leave to the appellant herein to file its answer and to file a motion to modify the award; that the court there-

upon invited the appellant to offer any evidence which it desired to present in opposition to the petition to confirm the award and in support of its motion to modify the award; that the appellant announced that it would offer no evidence in support of its position; that the trial court thereupon heard the arguments of both of the parties and took all matters under submission; that thereafter, on April 14, 1961, the appellant herein filed its answer to the application and supplement to the application for order confirming the award of the arbitrators and incorporated therein its motion to modify the award, and it also filed a memorandum of points and authorities, in support of its motion to modify the award of the arbitrators; that the court thereafter entered a minute order on May 16, 1961, confirming the award of the arbitrators; and that on July 31, 1961, the court signed its findings of fact and conclusions of law and its judgment confirming the award.

■■■ Appellant filed no reply brief contesting this narration of facts, and there is no reporter's transcript of the testimony before us, if any was taken. In the opening brief of appellant, it recites:

"From the point and authority filed therein . . . it must be assumed that the judgment entered in this matter was based at least in part on the failure of appellant to file its motion to modify the award within three months after the award was filed and delivered, as provided by Section 1290 of the Code of Civil Procedure."

These points and authorities state: "Where respondent (petitioner herein) has applied for a court order to confirm the arbitrators' award, complainant's response thereto or motion to modify need not be filed within the 90 day period provided by Section 1290, C.C.P. [Citing *Goossen* v. *Adair,* 185 Cal. App.2d 810, 822 [8 Cal.Rptr. 855].]"

The signed findings favor respondent Palm Springs Homes, Inc., in this respect. They recite that the application for an order confirming the award and the supplement thereto came on regularly for hearing on April 7, 1961, and all parties appeared and the court:

". . . having heard evidence and the arguments of counsel and the matter having been duly submitted, now the court makes its Findings of Fact and Conclusions of Law as follows:

"... finds that all of the allegations of the Application for Order Confirming Award of Arbitrators as set forth in the Application ... are true.

"... finds that all of the allegations contained in the Supplement to the Application for an Order Confirming the Award of Arbitrators ... filed herein by Palm Springs Homes, Inc., and Pauline K. Boltz, are true.

"... finds that each of the allegations of the Answer to the Application ... heretofore filed by Western Desert, Inc. are untrue."

It was dated July 31, 1961. The peculiar thing about the record is that it shows that the answer and motion to modify was filed on April 14, 1961, after the date of the alleged hearing on the motion. The answer and motion alleged that the second and third awards of the arbitrators were contrary to law, in that they wrongfully found that there was a breach of contract by the complainant in having liened the property; further, on the ground that there is no evidence whatsoever to support said finding; that although the arbitrators correctly found respondents were not damaged or entitled to damages for any breach, they granted a rescission of the contract and that this is contrary to law; that the awards should be modified to find that there was no breach of contract by complainant, and that rescission should not be allowed.

■ However, since the findings support the claim that a hearing was had on the objection and all points raised at the hearing, we must assume, in support of the findings and judgment, that the hearing was had on the subject matter in the absence of any record showing the contrary. ■ If the court did proceed to have a hearing on the merits, appellant cannot claim error in reference to the claimed bar of the statute of limitations, set forth in Code of Civil Procedure, section 1290.

In reference to the filing of 67 mechanics' liens by appellant constituting a breach of the agreement, it is apparent that the arbitrators found that the filing of the liens, under the facts contained in the record before them, was inconsistent with the agreement to submit all controversies to arbitration and was a breach of the terms of the basic agreement.

Appellant cites *Homestead Sav. & Loan Assn.* v. *Superior Court*, 195 Cal.App.2d 697 [16 Cal.Rptr. 121]. In that case, the court held that the filing of an action to foreclose a mechanic's lien under the particular circumstances of that case

did not constitute a breach of the agreement to submit disputes to arbitration. The opinion pointed out that the intention of the parties in filing the mechanics' liens and foreclosure suit was a question of fact, and under the circumstances of that particular case such conduct was not a repudiation of the agreement. There, it held that an arbitration provision in a construction contract was not repudiated by the mere filing of a complaint to foreclose a mechanic's lien, particularly where the complainant in his complaint requested arbitration before anything else was done and the opposing party, by denying that the dispute was arbitrable and denying the qualification of the named arbitrator, did not consider that the claimant had repudiated the arbitration agreement. ▋ Waiver is usually a question of fact. ▋ One of the specific issues submitted to arbitration here was whether or not the filing of the mechanics' liens, under the circumstances presented, constituted a breach of the agreement. This was a question of fact or a mixed question of fact and law which was duly and properly submitted to the arbitrators for decision. ▋ The law is well established that acts inconsistent with an agreement to submit a controversy to arbitration may constitute a repudiation, a breach, or waiver of the right to arbitrate. (*Grunwald-Marx, Inc.* v. *Los Angeles Joint Board etc. Workers,* 192 Cal.App.2d 268, 276 [13 Cal.Rptr. 446].)

Respondents concede that the filing of mechanics' liens, standing alone, would not constitute a breach, as a matter of law, but state that it may, on the other hand, under the context of the surrounding circumstances, constitute a breach; that a question of fact or a mixed question of fact and law arose, and that this was one of the very issues submitted to the arbitrators. Citing *Knutson* v. *Lasher,* 219 Minn. 594 [18 N.W.2d 688, 693], where the court said:

"Instead of proceeding before the arbitrators and taking an award, as he had a right to do, plaintiff brought and prosecuted this action to enforce a mechanic's lien. The bringing of the action was an election to abandon and waive his right to arbitration and to have a judicial remedy instead—a remedy of an entirely different kind from an award by the arbitrators."

In 5 American Jurisprudence 2d 557 [fn. 11], it is said: "Unless a statute provides to the contrary, the filing of a mechanic's lien is held to constitute a waiver, as a matter of law, of the right to demand arbitration *where the action is*

*inconsistent with reliance on the arbitration.*" (Italics ours.)
See also *93 American Law Reports* 1153.

The arbitrators and the court have found, in effect, that the allegations of appellant's answer are untrue and that the filing of the mechanics' liens, in face of the agreement to submit all controversies to arbitration was not in good faith, or that the acts in so doing were not consistent with the covenant to submit the controversy to arbitration and that it constituted a breach of the agreement. It therefore appears that if the court did offer to hear appellant's evidence on the motion and subject matter, and appellant produced none, the decree confirming the award of the arbitration was authorized. (*Beckett* v. *Kaynar Manufacturing Co.*, 49 Cal.2d 695 [321 P. 2d 749].) There is no showing that the arbitrators exceeded their powers or imperfectly executed them, and we conclude that the merits of the controversy between the parties are not subject to judicial review. (*Pacific Vegetable Oil Corp.* v. *C.S.T., Ltd.*, 29 Cal.2d 228 [174 P.2d 441]; *Librascope Inc.* v. *Precision Lodge*, 189 Cal.App.2d 71 [10 Cal.Rptr. 795]; *Kinkle* v. *Fruit Growers Supply Co.*, 63 Cal.App.2d 102 [146 P.2d 8]; *Turner* v. *Cox*, 196 Cal.App.2d 596 [16 Cal.Rptr. 644]; *Sapp* v. *Barenfeld*, 34 Cal.2d 515 [212 P.2d 233]; *O'Malley* v. *Petroleum Maintenance Co.*, 48 Cal.2d 107 [308 P.2d 9]; *Crofoot* v. *Blair Holdings Corp.*, 119 Cal.App.2d 156 [260 P.2d 156]; *B.S.B. Constr. Co.* v. *Rex Constr. Co.*, 200 Cal.App.2d 327 [19 Cal.Rptr. 167].)

Judgment affirmed.

Coughlin, J., concurred.

Brown (G.), J., being disqualified, did not participate herein.