J. Irwin Shapiro, J.
This is an application by the petitioner in which it seeks to vacate a demand for arbitration dated March 23, 1966 and “ an order staying the said arbitration between j. s. plumbing & heating corp. and madtel corp. [the respondents herein] ” and petitioner.
On September 14, 1965 petitioner and respondents entered into a contract wherein the respondents agreed to provide petitioner with the labor and materials for certain plumbing subcontract work in connection with a building project which the petitioner was constructing in Bayville, New York.
Insofar as material, paragraph “ 17 ” of the agreement between the parties provides that: “In consideration of the premises and as a condition of this agreement, the Sub-Contractor [respondents] hereby waives and releases the filing of any lien or claims and all right of lien now existing or that may hereafter arise for work or labor performed or materials furnished under this contract, under any present or future law, upon said structure, the land upon which the same is situated, and upon any money or moneys due or to become due from any person or persons to said Contractor [the petitioner] ”. Paragraph “ 24 ” of the agreement in pertinent part states: “ Any dispute or claim arising out of, or relating to this agreement or the breach thereof, shall be settled by arbitration in accord *504 anee with the provisions, then obtaining, of the standard form of arbitration procedure of the American Arbitration Association”. (Emphasis supplied.)
On or about March 11, 1966 the respondents served and filed a mechanic’s lien against the building project and the petitioner, alleging that the petitioner had failed and refused to pay the respondents $13,795 for work performed and material furnished under the contract.
The petitioner contends that by filing a mechanic’s lien in violation of the terms of the agreement (par.“17”, supra) the respondents as a matter of law waived their right to proceed against the petitioner in arbitration under the arbitration clause of the agreement (par. “ 24 ”, supra).
In opposition, the respondents argue for a dismissal of the petition on the grounds that,
“1. It sets forth no legally tenable ground for denying arbitration
‘ ‘ 2. The application is made in the wrong Court; and this Court has no jurisdiction of the application.
“3. It is not timely made ”.
On the merits the issue, simply stated, is whether under the facts of this case the respondents, by filing a mechanic’s lien in the face of their agreement not to do so, effectually abandoned their right to proceed against the petitioner by arbitration.
In general, the rule is that when a party to a contract containing an arbitration clause takes steps inconsistent with his right to proceed by arbitration, such as instituting an action at law on the contract or by interposing a counterclaim thereon, he thereby waives his right to arbitration. (Matter of Zimmerman v. Cohen, 236 N. Y. 15.)
Matter of Young v. Crescent Development Co. (240 N. Y. 244) involved a building contract which contained a provision to submit any dispute “under the contract” to arbitration. The respondent filed a mechanic’s lien and the court held that that act operated as a waiver of his right to arbitration. The court said (pp. 248-249): “ and I think that the answer to that question must be that the respondents by filing mechanic’s liens set out on a course so inconsistent with arbitration that they must be regarded as having decisively elected to waive and abandon their right to that course ”. The Young case would therefore be a conclusive authority against the right to maintain arbitration here were it not for the provisions of section 35 of the Lien Law (added by L. 1929, eh. 515) which were apparently adopted in view of the Young decision and the *505 suggestion made therein (p. 249) that: “ If we should conceive of a statute which gave general permission to a contractor to file a lien for the purpose of securing a claim no matter when or by what manner of proceeding ultimately established, the act of filing such a lien would not be a decisive election of remedies.”
Section 35 of the Lien Law explicitly provides that: “ The filing of a notice of lien shall not be a waiver of any right of arbitration of a contractor, * * * material man or laborer secured to him by his contract to furnish labor or materials.”
A waiver is an intentional abandonment or relinquishment of a known right. (Alsens Amer. Portland Cement Works v. Degnon Contr. Co., 222 N. Y. 34.) Here, by contract, there was such an intentional and unequivocal relinquishment of a known right, to wit, the statutory right to file a mechanic’s lien. Therefore, when in violation of the provisions of the contract, the respondents filed a mechanic’s lien, they evidenced an intention to prosecute their rights in a court of law, thereby effectually nullifying their right to proceed against the petitioner in an arbitration proceeding. The statute permitting the filing of a mechanic’s lien and preserving the lienor’s right to proceed by arbitration (Lien Law, § 35) is of no help to the respondents, for, by the express provisions contained in paragraph “17” of the contract between the parties, they relinquished their right to avail themselves of the benefit of the Lien Law.
Not being entitled to statutory immunity, the respondents, by filing a mechanic’s lien, put themselves in the same position as the respondents in the Young case (supra) and they are therefore not in a position to proceed against the petitioner by arbitration.
Matter of Askovitz (227 App. Div. 752 and 229 App. Div 258) highlights the question here at issue. Upon the first appeal the Appellate Division said (p. 753): “ Order granting motion to direct arbitration affirmed, with ten dollars costs and disbursements. There is no proof in this record that the contractors filed liens.”
After the respondents in the Askovitz case had been successful at Special Term in obtaining an order directing arbitration and while the first appeal to the Appellate Division was pending “ the respondents filed a notice of mechanic’s lien to save their interests from being jeopardized by the delays in the arbitration proceeding, and thereafter appellant made another motion to vacate the order of the Special Term directing arbitration, on the ground that the respondents had filed notices of lien,” *506 (Matter of Askovitz, supra, p. 259.) When that motion was denied, the second appeal was taken to the Appellate Division and the court said (pp. 259, 260-261):
“ The appellant’s claim on the first motion and on the former appeal to this court was that the filing of mechanics’ liens against the appellant’s premises by subcontractors had operated as a waiver of the respondents ’ rights under the arbitration clause and as a release of the appellant’s obligation thereunder. This court affirmed the order denying the former motion on the ground that there was no proof that mechanics’ liens had been filed by the contractors. After the decision of the Special Term denying appellant’s motion, the respondents filed a notice of mechanic’s lien against the appellant’s premises, and the appellant, on his second motion, claimed, as he claimed before, that the filing of a mechanic’s lien by subcontractors and by the respondents acted as a waiver of their rights under the arbitration provisions of the contract. * * *
“In the Young case, above cited, it was held that the filing of a mechanic’s lien indicated an intention on the part of the claimant to pursue his remedy thereunder and by an action to foreclose. It was after the filing of the notice of mechanic’s lien that the claimant in that case sought a settlement of his claims by arbitration, and the court held that the prior filing of his mechanic’s lien notice indicated an intention to abandon or waive his arbitration rights, and this decision, apparently, was the reason for the enactment by the Legislature of section 35 of the Lien Law (as added by Laws of 1929, chap. 515) as follows i ‘ The filing of a notice of lien shall not be a waiver of any right of arbitration of a contractor, subcontractor, material man or laborer secured to him by his contract to furnish labor or materials.’ This amendment became effective October 1, 1929, and was not retroactive, hence does not apply here. The facts in this case, however, do not justify the inference that the respondents, by filing a notice of mechanic’s lien, intended to relinquish or abandon their arbitration rights. They made a motion against the appellant for an order directing an arbitration of their differences and disputes under the arbitration clause of the contract long before their notice of mechanic’s lien was filed, thereby indicating an original intention to pursue their rights and seek their remedies against the appellant under the arbitration provisions of the contract. In fact, the order of the Special Term granting the respondents’ motion to direct that arbitration proceed was made on the 11th day of May, 1929, and it was not until June 14, 1929, and after the appeal *507 had been taken from that order, that the respondents filed their mechanic’s lien notice, and that was obviously done to protect their interests in view of the delay incident to the appeal from the Special Term order and to guard against the possibility of a reversal of said order after the expiration of the time within which they could file their mechanic’s lien. Not only do the facts show no intention on the part of the respondents to waive or abandon their right to have their claims adjusted by arbitration, but, on the contrary, there is in the record every manifestation of an intention and purpose on their part to have their differences with the appellant determined under the arbitration provision of the contract, and the filing of the notice of lien by them subsequent to the appeal to this court from the order of May 11, 1929, was only for the purpose of protecting their rights in the event that the said order should be reversed.”
Thus, in this case, if the respondents had served notice of their intention to arbitrate and had thereafter, in light of circumstances then existing, filed a notice of mechanic’s lien, the Askovitz case might be applicable but, as the court there clearly pointed out, its determination permitting arbitration to proceed was not precluded by the decision in the Young case because in the latter (p. 260): “It was after the filing of the notice of mechanic’s lien that the claimant in that case sought a settlement of his claims by arbitration, and the court held that the prior filing of his mechanic’s lien notice indicated an intention to abandon or waive his arbitration rights ”. (Emphasis supplied.)
On the merits, therefore, respondents’ first objection is overruled.
The point raised with regard to the lack of jurisdiction of this court to entertain this application lacks merit. CPLR 7502 (subd. [a]) dealing with the venue of an application to stay arbitration proceedings, in part provides that ‘ The proceeding shall be brought * * * in a court in the county in which one of the parties resides or is doing business ”. While for venue purposes of an action, the sole and exclusive residence of a domestic corporation is its principal place of business as set forth in its certificate of incorporation (CPLR 503, subd. [c]), venue for a proceeding of this nature is broader in scope for the section in question permits its institution not only “in a court in the county in which one of the parties resides ” but also in a court in the county in which one of the parties ‘ ‘ is doing business”. Thus, while petitioner’s corporate residence is Nassau County, this proceeding is maintainable in Queens *508 County because petitioner has a place of business in this county.
The last point raised by the respondents is that this proceeding to stay arbitration was not timely begun. CPLR 7503 requires an application of this character to be made within 10 days after service of the notice of intention to arbitrate. The petitioner says that service was made upon it by mail on April 4.1966 because it was on that date that it received the registered letter containing the notice of intention to arbitrate. That is not the date of service. The date of service of the notice of intention to arbitrate was April 1, 1966, when it was deposited in the mail, for CPLR 2103 (subd. [b], par. 2) provides that “ service by mail shall be complete upon deposit of the paper enclosed in a postpaid properly addressed wrapper, in a post office ”. The respondents concede that the notice of motion to stay the arbitration proceeding was served on them “ on April 13.1966 ’ ’ by mail. That service was timely for the last portion of CPLR 2103 (subd. [b], par. 2) provides that “ where a period of time prescribed by law is measured from the service of a paper and service is by mail, three days shall be added to the prescribed period ”.
Since the original notice of intention to arbitrate in this case was served by mail on April 1, 1966, the petitioner had 10 days plus 3 in which to make this motion. He made it within the time limit. It should also be pointed out, in view of the technical nature of the respondents’ opposition in this connection, that its original service of intention to arbitrate was not properly made because, although served by registered mail, it was not served by registered mail, return receipt requested, as the law requires (CPLR 7503).
For the reasons above stated, the petitioner’s motion is in all respects granted and the arbitration proceeding is stayed.