Edward S. Conway, J.
This is an application made by the defendant, Ippolito-Lutz, Inc., in which it seeks the following relief: (1) an order staying the action of the plaintiff to foreclose its mechanic’s lien, or, in the alternative, dismissing said action pursuant to CPLR 2201 and 7503 and (2) an order barring plaintiff from proceeding with arbitration on the ground that he has waived his right to arbitrate.
The plaintiff Sowalskie and defendant Ippolito-Lutz, Inc., entered into a contract wherein the plaintiff agreed to provide the defendant with the labor and material for certain excavation subcontractual work in connection with a housing project in the City of Cohoes which the defendant was constructing.
Insofar as is pertinent here, subsection “ (O) ” of the agreement between the parties provides that: ‘ ‘ Any controversy or claim arising out of, or relating to, this Subcontract or the breach thereof, shall be settled by arbitration, in accordance with the Rules of the American Arbitration Association, and *666 judgment upon the award rendered may he entered in any Court having jurisdiction thereof. The Subcontractor shall not cause any delay on its work during any arbitration proceedings without the Contractor’s prior written consent.”
On or about March 24, 1965, the plaintiff filed a mechanic’s lien against the housing project, alleging that defendant Ippolito-Lutz, Inc., had failed and refused to pay the plaintiff $13,288.20 for work performed and material furnished under the contract.
Thereafter and by complaint verified December 8, 1967, plaintiff Sowalskie commenced an action to foreclose its previously filed mechanic’s lien.
The defendant Ippolito-Lutz, Inc. contends that by the terms of CPLR 2201 and 7503 this action to foreclose must be stayed and the plaintiff be made to pursue his remedy in arbitration, pursuant to the subsection of the agreement hereinbefore referred to; and defendant further contends in this application that, by the commencement of its action to foreclose its mechanic’s lien the plaintiff, as a matter of law, waived his right to proceed against the defendant, Ippolito-Lutz, in arbitration under the arbitration clause of the agreement. (Subsection [0], supra.)
In opposition, the plaintiff argues for a dismissal of the application on the grounds that (1) the relief requested by defendant Ippolito-Lutz is inconsistent and would dispossess the plaintiff of all remedies and (2) the relief requested with respect to a stay or arbitration is a question properly before an arbitrator and the court has no jurisdiction of the application.
The pertinent part of CPLR 7503 reads as follows: “ If an issue claimed to be arbitrable is involved in an action pending in a court having jurisdiction to hear a motion to compel arbitration, the application shall be made by motion in that action. If the application is granted, the order shall operate to stay a pending or subsequent action, or so much of it as is referable to arbitration.”
In the Matter of River Brand Rice Mills v. Latrobe Brewing Co. (305 N. Y. 36), the court held the above sections, providing for a stay of actions instituted in violation of agreements for arbitration, should be construed in furtherance of the policy and legislative intent that an arbitration agreement may not be revoked at the will of one party thereto.
It is true that in this controversy arbitration is no longer available because of the commencement of a mechanic’s lien foreclosure action by the plaintiff. (Matter of Young v. Crescent Development Co., 240 N. Y. 244; Matter of Acme Cassa *667 [Staten Is. Plaza], 7 Misc 2d 353.) Commencement of a foreclosure action does constitute a waiver of the right to arbitrate. (Matter of Manitt Constr. Corp. [J. S. Plumbing & Heating Corp.], 50 Misc 2d 502.)
The loss of both .remedies where a party has waived his right to arbitration, while simultaneously placing himself in a position where a suit, started by him in a court of law, may be stayed because of his arbitration agreement, is a result sanctioned by the cases. (See Matter of Duke Labs. [Lutz Co.], 9 Misc 2d 779; Matter of River Brand Rice Mills v. Latrobe Brewing Co., 305 N. Y. 36, supra.)
On the merits, therefore, plaintiff’s first objection is overruled.
The plaintiff’s second point, raised with regard to the lack of jurisdiction of this court to entertain the application, lacks merit. CPLE 7503 (subd. [b]) preserves for the court the question of whether or not a valid agreement to arbitrate has been made and the courts have exercised jurisdiction over the issue. (See Matter of Young v. Crescent Development Co., supra; Crockett Constr. Co. v. Haab Realty Corp., 73 N. Y. S. 2d 94.)
For the reasons above stated, the motion of the defendant Ippolito-Lutz, Inc., permanently staying the foreclosure action and barring the plaintiff from arbitration is granted.