SIGMUND SOMMER et al., Respondents, v. ANTHONY J. QUARANT CONTRACTING, INC., Appellant.

First Department, November 21, 1972.

*James L. Goldwater* of counsel (*Milton A. Chambers* with him on the brief; *Goldwater & Flynn*, attorneys), for appellant.

*Julius L. Schapira* of counsel (*Max E. Greenberg* and *Leonard Shabasson* with him on the brief; *Max E. Greenberg, Trayman, Harris, Cantor, Reiss & Blasky*, attorneys), for respondents.

*Per Curiam.* This proceeding to stay arbitration presents the question of whether arbitration has been waived by the filing of a notice of mechanic's lien, where the contract between the parties contained a lien waiver provision. The facts are not in dispute. The respondent-appellant contracted to do excavation and foundation work. The written agreement contained a broad arbitration clause and in addition, provisions waiving the right to file any lien or claim against the premises. Nevertheless, when disputes arose, the appellant filed a notice of lien and subsequently served a demand for arbitration. Special Term has permanently stayed arbitration on the theory that respondent, by violating its agreement, waived the right to arbitration.

We hold that the petition should have been denied. In *Matter of Young* v. *Crescent Development Co.* (240 N. Y. 244), the Court of Appeals held that the filing of a notice of mechanic's lien was inconsistent with, and constituted a waiver of the right to arbitration. In so doing, however, the court stated as follows (p. 249): "If we should conceive of a statute which gave general permission to a contractor to file a lien for the purpose of securing a claim no matter when or by what manner of proceeding ultimately established, the act of filing such a lien would not be a decisive election of remedies."

Several years thereafter, the Legislature nullified the effect of *Matter of Young (supra)* by enacting section 35 of the Lien Law which provides: "The filing of a notice of lien shall not be a waiver of any right of arbitration of a contractor, subcontractor, material man or laborer secured to him by his contract to furnish labor or materials."

Accordingly, pursuant to the statute, the mere filing of a notice of lien may not be a ground for staying arbitration on the theory of waiver or the election of an inconsistent remedy. And indeed,

in *A. Burgart, Inc.* v. *Foster-Lipkins Corp.* (30 N Y 2d 901, affg. 38 A D 2d 779, affg. 63 Misc 2d 930 [MACKEN, J.]), it was held that the subcontractor had not waived its right to arbitration where in addition to filing a notice of lien it had also commenced an action to foreclose.

Despite section 35 of the Lien Law it is urged that the appellant has waived its right to arbitration by virtue of its having breached the lien waiver provision. There are several lower court decisions which have adopted such view. (See *Matter of Manitt Constr. Corp.* [*J. S. Plumbing & Heating Corp.*], 50 Misc 2d 502; *Sowalskie* v. *Cohoes Housing Auth.*, 69 Misc 2d 665.) We conclude that those cases were incorrectly decided. The language of the Lien Law is clear and explicit and unequivocally permits the filing of a notice of lien without surrendering one's contractual right to arbitration. The intent of the statute is to permit a subcontractor to protect its lien rights and at the same time pursue arbitration. To engraft an exception to the statute because the contract contains a lien waiver provision would defeat the clear purpose of the statute. At most, it might be said that the filing of the lien might be considered a breach of contract and as such, that would be a matter for consideration by the arbitrator (see *Palm Springs Homes* v. *Western Desert,* 215 Cal. App. 2d 270). Under a broad arbitration clause, arbitration may be had as to all issues arising subsequent to the making of the contract. (See *Matter of Terminal Auxiliar Maritima S. A.* [*Winkler Credit Corp.*], 6 N Y 2d 294, 298.)

One other point should be mentioned. Special Term found that the demand for arbitration was inadequate. Even if this were so, the appellant would be allowed to serve an amended notice of arbitration. But we find that the demand satisfied the rules of the American Arbitration Association which under the facts herein were incorporated into the demand. (*Korein* v. *Rabin,* 29 A D 2d 351, 355.)

Accordingly, the judgment entered July 20, 1972 should be reversed on the law, with costs and disbursements, the motion for a stay should be denied and the parties directed to proceed to arbitration.

McGIVERN, J. P., NUNEZ, KUPFERMAN, McNALLY and TILZER, JJ., concur.

Judgment, Supreme Court, New York County, entered on July 20, 1972, unanimously reversed, on the law, the motion for a stay denied and the parties directed to proceed to arbitration. Appellant shall recover of respondents $40 costs and disbursements of this appeal.