[Civ. No. 12918. Second Dist., Div. One.—May 1, 1941.]

MABEL SCOTT HENDERSON, as Administratrix, etc., Appellant, v. OAKES–WATERMAN, BUILDERS (a Copartnership) et al., Respondents.

William H. Haupt for Appellant.

Gordon Lawson and Samuel M. Garroway for Respondents.

DESMOND, J., *pro tem.*—This is an appeal from a judgment which the trial court refused to vacate in passing upon appellant's motion directed to that end as well as to the entry of another and different judgment, as provided by section 663 of the Code of Civil Procedure. An appeal is also taken from the order denying the motion to vacate.

Approximately seven days were required to try this case without a jury, but we have no transcript of the testimony before us, and must rely therefore upon the clerk's transcript, including the pleadings, findings, conclusions and judgment. It appears that on March 8, 1939, A. Ray Henderson signed a builder's contract with the defendants, calling for the construction, in a good, workmanlike and substantial manner, of a dwelling upon his lot, according to plans and specifications attached to said contract. These specifications described in great detail the quality of materials to be furnished in the building of the house, which by the terms of the contract was to be finished within 45 days after the date thereof. The contract price for the building so constructed was fixed at $2,500, which sum Mr. Henderson paid in full on the day he signed the contract. The court found that instead of completing the building in the manner provided by the contract and specifications within the stated period of 45 days, the construction commenced on the 13th day of March and was continued intermittently until on or about the 17th of August, 1939, "when the said defendants abandoned the said contract and ceased all work thereunder". The court further found that they "willfully failed and neglected to fulfill the said contract on their part. . . . that the said defendants, in the doing of such work as was done by them under said contract, willfully used materials which were contrary to those specified under said contract and of inferior grade thereto and unsuitable therefor, and that the said defendants erected said building in so unskillful and negligent manner, that after such work was done as was done by the said defendants the said building was and is now entirely untenantable and useless".

Mr. Henderson passed away on January 25, 1940, and the suit was prosecuted by his administratrix, who was substituted as plaintiff herein.

Referring further to the findings, we note: " . . . that during the whole of the time that the said defendants were engaged in the said construction . . . the said A. Ray Henderson repeatedly complained to the said defendants of the inferior grade of material being used and that had been used in said construction, and of the poor workmanship employed by them in the doing of such work as was done by them; and that the said A. Ray Henderson did not at any time consent to the use in said building of such inferior materials or workmanship." Further, that " . . . it will be necessary, and the plaintiff will be required, to entirely tear down and dismantle the said building and remove the debris therefrom, and to reconstruct and rebuild the said building in its entirety". The reasonable cost of removing the debris and cleaning the usable material therein, the court fixed at $288.82, and found that the reasonable cost of constructing the building in accordance with the contract and the plans and specifications mentioned therein, using all material that might be salvaged, was the sum of $2,818.67, a total of $3,107.49.

 Damages were claimed for the reasonable rental value of said dwelling, determined by the findings to be $35 per month, or a total of $595 for the period elapsing between the expiration of the 45-day period mentioned in the contract and the time when said building might be reconstructed and delivered to the owner. This item, added to the total cost of the reconstructed building, would warrant a total judgment, based upon the findings, in the sum of $3,702.49. The court, however, in fixing the amount of the judgment, undertook to apply section 3358 of the Civil Code, which reads, so far as pertinent to this discussion, as follows: " . . . no person can recover a greater amount in damages for the breach of an obligation than he could have gained by the full performance thereof by both sides, . . . ". On this theory, as a conclusion of law the trial court determined that the plaintiff "is entitled to judgment . . . in the total sum of Three Thousand One Hundred Seven and 49/100 Dollars ($3,107.-49), except for the fact only that the consideration named in the contract between A. Ray Henderson and said defendants was the sum of Two Thousand Five Hundred Dollars ($2,500.00), by reason of which the amount of damage which the plaintiff may be permitted to recover and which she is entitled to recover against said defendants must be limited to

the said sum of Two Thousand Five Hundred Dollars ($2,-500.00) with interest thereon at the rate of seven per cent per annum from the 8th day of March, 1939." The court also concluded that the plaintiff was entitled, for damages suffered by reason of loss of use and rental of the building, to judgment in the amount of $595, but this sum was not included in the judgment, which as above stated, was limited to $2,500 and interest.

We do not approve the action of the trial court which reduced the amount of damages from $3,702.49 to $2,500, for the reason that we are unable to apply section 3358 of the Civil Code to the situation here presented. That section postulates a full performance of the contract by both sides as a condition for determination of the amount of damages that might be due. Attempting to apply it to the present case, our reasoning would be as follows: "As to the plaintiff, was the contract fully performed?" The answer is, "Yes; by paying the contract price of $2,500, which was to secure the kind of house described in the contract." "As to the defendants, was it fully performed?" The answer is, "No, they abandoned the contract." We ask the further question: "If they had performed, what would the plaintiff have gained?" The answer to that question is: "The kind of house that he bargained for, namely, a house that now would cost, using all salvaged material and the cost of reclaiming it, $3,107.49." The other item of damages (loss of use or rental value) has nothing to do with the contract itself, being a severable item for which recovery may be had. (8 Cal. Jur. 832.)

It seems to us that, in determining the question of damages in this case, section 3300 of the Civil Code is applicable, rather than section 3358. That section reads as follows: "For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which in the ordinary course of things would be likely to result therefrom." We also have in mind section 3359 of the Civil Code, which provides that damages must in all cases be reasonable. In view of the fact that in the present case there was a willful violation of the terms of the contract, and an abandonment thereof, we feel that a judgment in the full

amount of $3,702.49 is reasonable, and at this time determine that a judgment in that amount should be entered in favor of plaintiff and against the defendants. Since by such a judgment plaintiff will be fully compensated for all detriment caused by the breach of the contract, including loss of use of the dwelling, it appears that interest from the date upon which the sum of $2,500 was paid should not be allowed.

Accordingly, the order appealed from, namely, the order denying the motion to vacate the judgment originally entered and to enter another and different judgment, is reversed, and the cause remanded with instructions to the court below to enter another and different judgment in the sum of $3,702.49, with interest thereon at the rate of seven per cent per annum from the date of entry of the original judgment herein, together with costs. As so modified, the judgment will stand affirmed.

Doran, Acting P. J., and White, J., concurred.