[Civ. No. 11688.    First Dist., Div. Two.    Sept. 3, 1941.]

D. GRACE ADAMS et al., Appellants, v. CLARA B. HINER et al., Respondents.

CLARA B. HINER et al., Respondents, v. JUDSON J. GREENWOOD et al., Appellants.

Alfred E. Cate for Appellants.

Wallace & Crandall for Respondents.

NOURSE, P. J.—This appeal comes to us on the judgment roll alone. The appellants sued to eject respondents from certain real property. The respondents set up by way of answer an affirmative defense pleading that they were in possession under an express contract under which appellants sold the premises to them and agreed to construct a residence thereon according to agreed plans and specifications; that respondents had paid the sums called for under the contract, but that appellants had failed to complete construction of the building according to these plans and specifications, or otherwise. Thereafter respondents as plaintiffs commenced another action alleging appellants' breach of the contract in more detail and seeking damages for the breach in the sum of $5300. The cases were consolidated for trial and respondents had judgment for $4000 which was ordered to be applied upon the unpaid balance due appellants under the contract.

■ The trial court made extensive findings covering a great number of defects in the construction of the building, and the appellants concede that on their appeal based upon the judgment roll they may not contend that respondents are not entitled to damages. It should also be conceded that, for the same reasons, they may not contend that the award of damages is excessive. It is their contention that the trial court adopted the improper measure of damages. That is to say, they contend that since the contract is a simple "real estate sales agreement" the proper measure of damages is "the difference between the actual value of the property and its value had the property been as represented," citing *Hines* v. *Brode,* 168 Cal. 507, 510 [143 Pac. 729]; *Paolini* v. *Sulprizio,* 201 Cal. 683 [258 Pac. 380], and similar authorities. The argument would bear weight if it were based upon a sound premise. But this is not an action for rescission, fraud, or deceit; and it is not one based upon a simple real estate sales agreement. To the contrary, the agreement recites that "The first party is now erecting a residence on this property *which is to be finished* according to plans and specifications except there is to be a room added on according

to a supplemental drawing." The trial court found true respondents' allegations "That said residence has never been completed in accordance with the plans and specifications thereof and said written agreement *or otherwise* although defendants have from time to time demanded of plaintiffs that the same be completed in accordance with the terms of said plans and specifications and the said written agreement. That said residence building insofar as the same is built is in numerous instances at variance with the said plans and specifications and the said written agreement and that said variances constitute material defects in said building." It also found that the appellants "have failed and refused and still fail and refuse to complete, alter or repair said residence building in accordance with said written agreement, plans and specifications or supplemental drawing of added room."

Under these findings, which we must assume on this appeal to be supported by substantial evidence, the judgment rests upon damage found to have resulted from appellants' failure to finish the construction of the residence building in accordance with the terms of the written contract. The appellants cannot contend that the award made to cover such damage was not reasonable and proper under the circumstances.

■ Appellants question whether such a contract can "be specifically enforced by a purchaser in default where no fraud or mistake is at issue?" No argument is made upon the inquiry other than that based upon the statement of fact that respondents were in default. But the respondents have not sought specific performance and were not found to be in default. To the contrary it was found that appellants failed and refused to complete the contract and that respondents offered to do all that was required of them under the contract. Such a repudiation by one party entitles the other to sue for damages without further performance on his part. (Section 1440, Civil Code; *Alderson* v. *Houston,* 154 Cal. 1, 12 [96 Pac. 884].)

A similar inquiry is made by appellants as to whether such a contract can be reformed. The inquiry is not pertinent because an action for damages for breach of contract has no relation to a proceeding in equity for reformation. No interpretation and no alteration of the contract was sought. The respondents were content to let the contract stand as written and sought and recovered damages for the breach.

Finally the question is presented, "can personal injuries be recovered in such an action?" On this appeal the question is purely academic. It is true that respondents pleaded personal injuries suffered by one of them because of the defective condition of the residence into which they had moved by special permission of the appellants. But the record does not disclose that the judgment included such injuries in the award. The findings are that the damages for appellants' failure to complete the building amounted to $4000. The court also found that the damages to Mrs. Hiner personally amounted to $200. The judgment, however, is for the sum of $4000. We must assume on this appeal that the judgment covered the damages relating to the building alone because the findings as a whole must be given such construction as will uphold the judgment rather than defeat it. (*Anglo-California T. Co.* v. *Oakland Rys.*, 193 Cal. 451, 460, 461 [225 Pac. 452].)

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.