[Civ. No. 20801. First Dist., Div. One. May 14, 1963.]

CLAUD KITCHEL et al., Plaintiffs, Cross-defendants and Appellants, v. GEORGE ACREE et al., Defendants, Cross-complainants and Respondents.

Phillip M. Millspaugh for Plaintiffs, Cross-defendants, and Appellants.

Marvin A. Joseph for Defendants, Cross-complainants and Respondents.

SULLIVAN, J.—In this action on a building contract, plaintiffs and cross-defendants (hereinafter called appellants) appeal from a judgment, after a nonjury trial, which with one minor exception denies them recovery on their complaint and awards defendants and cross-complainants (hereinafter called respondents) the sum of $1,750 on their cross-complaint together with costs of suit and other relief.

Appellants, who are building contractors, entered into a contract with respondents to construct a house on respondents' real property. On November 25, 1959, appellants filed a complaint for foreclosure, seeking the recovery of $11,384 alleged as the balance due and unpaid on said contract, reasonable attorney's fees and the foreclosure of their contractor's lien theretofore filed against respondents' property. Respondents did not file their answer and cross-complaint until September 21, 1960. In the meantime, pursuant to a written agreement between the parties, the respondent paid appel-

lants an additional $9,000 on the general understanding that such payment would be without prejudice to the respective claims of the parties.

Respondents in their answer alleged that an additional $9,000 had been paid on the contract, leaving an unpaid balance of only $57.50 on the alleged contract price of $22,-557.50; denied that the work had been properly completed or that the conditions of the contract had been fully performed; alleged that the unpaid balance of $57.50 was far less than the amount of damages sustained by respondents as a result of the improper completion of the work; denied that appellants' claim of lien had been properly recorded; and alleged that Parcel Two of the real property described in the complaint was not connected with or subject to the claim of lien.

Respondents also filed a cross-complaint in three counts: The first count sought $2,500 damages for allegedly defective and unworkmanlike work and $348.59 because of appellants' failure to install certain wiring, water pipes and to connect certain utilities; the second count sought reimbursement for $600 in additional interest paid on the construction loan as a result of the delay in completing the house; and the third count sought a decree quieting respondents' title to the above-mentioned Parcel Two which respondents maintained was not properly subject to appellants' lien. Appellants' answer to the cross-complaint, while denying the material allegations of the first two counts, admitted that appellants claimed no interest in Parcel Two and that their claim of lien was filed in error as to such parcel.

The trial court found in substance that the total contract price was $22,557.50 of which $57.50 was unpaid; that the house was not substantially completed until December 31, 1959 (after commencement of this action) and that the work was not done in accordance with the plans and specifications; that the claim of lien did not cover Parcel Two which was not connected with Parcel One or benefited by the work thereon; that Parcel One was not subject to the lien because it had been prematurely recorded; that because of defective work, respondents had been damaged in the sum of $1,500 by reason of the installation of a cornice, and in the sum of $250 by reason of the installation of asphalt tile, in an unworkmanlike manner; but that the other claims of damage set forth in respondents' cross-complaint had not been proved by sufficient evidence. The court concluded that appellants

were entitled to recover the sum of $57.50 with interest but were not entitled to any lien on any of the real property; that respondents were entitled to recover the sum of $1,750 without interest but with costs; and that respondents were entitled to a judgment quieting title. Judgment was entered accordingly.

Appellants here make no attack on that part of the judgment denying them recovery in excess of $57.50 and the remedy of lien foreclosure. Their sole contention on appeal is that the court committed error in awarding respondents damages on the cross-complaint. Respondents on their part have conceded both in their brief and on oral argument that there is no evidence to support the court's finding of $250 damages resulting from appellants' failure to install the asphalt tile according to the plans and specifications. Thus the parties present to us a single narrow issue: Is the award of $1,500 damages for appellants' failure to install the cornice in a workmanlike manner supported by the law and the evidence? As to this issue, we point out that the dispute between the parties is confined to damages awarded, appellants making no claim that the evidence was insufficient to support the court's finding that this particular work was improperly performed.

George Acree, one of the respondents, testified under examination by his own counsel that the cornice around the exterior of the house was not completely boxed in; that according to the contract, the cornice was to fully cover or box in the eaves; and that appellants left large seams and openings, thus permitting birds to build nests within the enclosed area. Mr. Acree further testified that he had been a carpenter for 10 years, and that in his opinion the house was less valuable because of the work on the cornice than it would have been had the work been properly done. He stated that in his opinion as the owner, the value of the house was "[a] minimum of $2,500" less than what it would have been had such work been done correctly.

At this point in his testimony, respondent was asked for the basis of his opinion. He answered, without objection, that it was based on estimates of the cost of repairing the condition received by him from various contractors whom he had examine it. He was then asked from whom he had received the estimates, to which counsel for appellants objected on the ground that any estimates would be hearsay. The court overruled the objection as being premature since only the names

of the contractors were called for. Respondent was then asked who had given him an estimate and named Wallace Smith, a *plastering* contractor.

The following testimony was then given: "Q. And what was his estimate as to what it would cost to do such work? MR. MILLSPAUGH: I will object to that as calling for hearsay. THE COURT: Well I think Mr. Joseph stated the law correctly. It is overruled. THE WITNESS: He gave me an estimate of $1200, and that the carpenter work—that didn't include the carpenter work that was to be done, and I estimate that the carpenter work would be $300 minimum."[1]

On cross-examination, respondent explained that he obtained an estimate from a plasterer because he found the estimates of building contractors too high.

Respondents concede that the opinion evidence of Mr. Acree as to the diminution of the value of his house in the amount of $2,500 "did not directly provide sufficient evidence to support" their cause of action for damages, but insist that since it was received without any objection of appellants "the door was then open" for respondent "to then give supporting testimony concerning estimates and opinions as to the cost" of putting the cornice in proper condition. Respondents have not furnished us with a single citation of authority in support of their above position.

 It is settled, and the parties herein agree, that the measure of damages for the breach of a building construction contract is ordinarily such sum as is required to make the building conform to the contract. (*Shell* v. *Schmidt* (1958) 164 Cal.App.2d 350 [330 P.2d 817, 76 A.L.R.2d 792], cert. denied 359 U.S. 959 [79 S.Ct. 799, 3 L.Ed.2d 766]; Civ. Code, § 3300. See also *Henderson* v. *Oakes-Waterman, Builders* (1941) 44 Cal.App.2d 615, 618 [112 P.2d 662] holding that in such contracts Civ. Code § 3300 applies in determining damages.) In such situations, the diminution of value rule cannot be invoked (*Shell* v. *Schmidt, supra*) and the measure of damages is not the difference between the actual value of the property and its value had it been constructed in accordance with the plans and specifications. (See *Adams* v. *Hiner* (1941) 46 Cal.App.2d 681 [116 P.2d 630].)

---

[1]When appellants interposed their previous objection to hearsay, Mr. Joseph, counsel for respondents, stated to the court: "If Your Honor please, the owner of the property can testify as to its value or diminution of value and the damages pertaining to value and he can also give testimony as to his basis for forming such an opinion."

■ Respondent's testimony on the diminution of the value of the property resulting from the improper performance of the contract, though not objected to, was therefore irrelevant and immaterial on the issue of damages as measured under the foregoing rule and therefore lacked probative value to support the finding of damage. (Witkin, Cal. Evidence, § 724, p. 753; McCormick on Evidence (1954 ed.) p. 127.) ■ The author of the latter work, after observing that incompetent evidence received without objection becomes part of the evidence in the case and is usable as proof, states: "Relevancy and probative worth, however, stand on a different footing. If the evidence has no probative force, or insufficient probative value to sustain the proposition for which it is offered, the want of objection adds nothing to its worth and it will not support a finding. It is still irrelevant or insufficient."

Nor does the fact that the respondent as owner of the property can give an opinion as to its value automatically suspend the operation of other exclusionary rules and, to use respondent's expression, open the door for supporting testimony. ■ It is well established that the owner of property may testify as to its value. (19 Cal.Jur.2d, Evidence, § 373, p. 101.) ■ It is also the law that having expressed an opinion as to the value of his property, the owner should be permitted to give his reasons for such opinion, since it is the general rule that an opinion is worth no more than the reasons on which it is based. (*Long Beach City High School Dist.* v. *Stewart* (1947) 30 Cal.2d 763, 772-773 [185 P.2d 585, 173 A.L.R. 249]; *People* v. *Nahabedian* (1959) 171 Cal. App.2d 302, 309 [340 P.2d 1053].) However, "[i]n stating his opinion as to the value of property, the owner is bound by the same rules of admissibility of evidence as is any other witness." (*People* v. *La Macchia* (1953) 41 Cal.2d 738, 747 [264 P.2d 15].)[2]

■ Applying the above principles to the instant case, we reach this final result: Respondent's testimony as to the diminution of the value of his property, though competent as the opinion of the owner, had no probative value under the applicable measure of damages and did not constitute supporting evidence of any finding of damages. The only evidence in the record relating to the proper measure of dam-

---

[2] Overruled on other grounds in *County of Los Angeles* v. *Faus* (1957) 48 Cal.2d 672 [312 P.2d 680].

ages was respondent's testimony that Smith, a plastering contractor, had given him an estimate of $1,200, and that respondent estimated the carpenter work would cost $300. Obviously this was the $1,500 figure adopted by the trial court in its findings on damages.

It is too clear to require citation that the testimony as to Smith's $1,200 plastering estimate was hearsay, and in the light of the authorities discussed above, its admission over appellants' objection was error. In *La Macchia, supra,* the court points out that the reasons for an opinion as to value do not have independent probative value on such issue but only go to the weight of the opinion, quoting from *Peirson* v. *Boston El. R. Co.,* 191 Mass. 223, 233-234 [77 N.E. 769], as follows: "[T]here is no right to put in evidence of matters which are incompetent as substantive evidence for the purpose of fortifying the opinion of an expert witness, even though they are offered under the guise of the reasons for his opinion, and even though they might properly have been admitted on cross-examination to test and diminish the weight to be given to his opinion." The court in *La Macchia* then declared: "The general rule which permits a witness to state the reasons upon which his opinion is premised may not be used as a vehicle to bring before the jury incompetent evidence. To so open up the inquiry would create a disastrous break in the dike which stands against a flood of interminable investigation." (*People* v. *La Macchia, supra,* 41 Cal.2d 738, pp. 745-746. In accord: *People* v. *Nahabedian, supra,* 171 Cal.App. 2d 302, 310-311; *Furtado* v. *Montebello Unified School Dist.* (1962) 206 Cal.App.2d 72, 79 [23 Cal.Rptr. 476].) Thus, in the case before us, the hearsay statements of the plastering contractor could not constitute substantive evidence in the record and were not admissible because they were offered as reasons for the respondent owner's opinion.

The evidence relevant to the $300 for carpenter work falls into a different category. This was not the estimate of the plastering contractor but of respondent himself. It was not hearsay and its inadmissibility was not raised by the objection on the sole ground of hearsay. It is clear that appellants interposed the proper objection to the question *as asked.* After respondent gave the name of Smith, the plastering contractor, his counsel asked "what was *his* [i.e., Smith's] estimate as to what it would cost to do such work" (emphasis added). The question did not call for *respondent's* estimate and therefore did not appear to be bad on its face in any

other respect than that properly objected to. When respondent in his answer included *his own* estimate on the carpenter work, appellants, if they were so inclined, should have raised the question of the inadmissibility of such answer by an appropriate motion to strike. (See generally Witkin, Cal. Evidence, pp. 742-743.)

Nevertheless we doubt that such testimony achieved the status of substantive evidence in the record. As the remarks of his own counsel indicate, respondent's testimony was not offered as the expertise of a carpenter but as reasons in support of his value opinion as an owner. Furthermore, even if we assumed that the $300 estimate constituted evidence in the record, it is so interwoven with the hearsay evidence relating to the $1,200 estimate, that for all practical purposes it must be disregarded along with the latter.

As a consequence there is no evidence in the record to support the court's finding that respondents have been damaged in the sum of $1,750 as claimed in the first count of respondents' cross-complaint. The findings of fact and conclusions of law relating to said count, insofar as they determine that appellants failed to perform the cornice work and the asphalt tile work and are liable for breach in respect to such work, are correct, supported by the evidence and unchallenged by appellants. The cause however must be remanded for trial on the issue of damages relating to these two items.

That portion of the judgment ordering that respondents shall recover from appellants the sum of $1,750 together with costs of suit is reversed with directions that the trial court retry, in accordance with the views herein expressed, the issue of damages raised by the first cause of action of respondents' cross-complaint and appellants' answer thereto, but only to the extent that such issue relates to the two items of construction work aforementioned. In all other respects the judgment is affirmed. The parties shall bear their own costs on appeal.

Bray, P. J., and Molinari, J., concurred.