[Civ. No. 26306. First Dist., Div. Two. Jan. 20, 1970.]

EARLY WALTER, Plaintiff and Respondent, v.
NATIONAL INDEMNITY COMPANY, Defendant and Appellant.

## COUNSEL

Sedgwick, Detert, Moran & Arnold and Raymond J. Arata, Jr., for Defendant and Appellant.

Naphan & Arne for Plaintiff and Respondent.

## OPINION

**AGEE, J.**—Defendant insurance company appeals from the judgment of the superior court, which confirmed an arbitration award in favor of Early Walter in the sum of $10,000 and in favor of Arthur Walter in the sum of $9,000, under and pursuant to the uninsured motorist coverage provided for in a policy issued by defendant to Arthur Walter. Appellant does not question the validity of the award to Arthur.

On May 23, 1965, Arthur Walter was involved in an automobile collision which was found by the arbitrator to have been caused by the concurrent negligence of an uninsured motorist and the hit-and-run driver of a third vehicle.

Sally Mae Hall was a passenger in the Walter car and was killed as a result of the collision. Her father, Early Walter, as the heir of her estate, made a claim under the aforesaid uninsured motorist coverage. The policy contained the following provision:

"8. Arbitration: If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this endorsement."

Demand for arbitration was made on May 10, 1966. The evidence was presented at three hearings held before the arbitrator during a period of almost two years, followed by oral argument and the submission of points and authorities by respective counsel. The award was thereafter made and signed by the arbitrator on February 1, 1968.

On February 13, 1968 the petition of Early Walter and Arthur Walter for confirmation of the award was filed in the superior court. On April 12, 1968 appellant filed its response and petition to vacate the award. (Code Civ. Proc., §§ 1285, 1285.2.)

On April 24, 1968 counsel for Early Walter filed his declaration with the court stating that his client had died on February 1, 1968, the date upon which the award was signed. The parties appear to agree that the hour of death was 10:45 a.m. There is no evidence in the record as to whether the arbitrator signed the award before or after the moment of death.

Without the substitution of any representative of Early Walter's estate as a party, the superior court signed its findings of fact, conclusions of law and judgment on May 31, 1968. No mention of the death of Early Walter is made therein.

The record on appeal is limited. It consists only of the findings and award of the arbitrator, the findings of fact, conclusions of law and judgment of the superior court, the declarations under penalty of perjury by respective counsel, and various entries of the court clerk.

The record does not contain a transcript of any of the proceedings or the evidence produced before the arbitrator or the superior court, nor is there any agreed statement of facts.

Appellant's counsel filed a "Memorandum of Points and Authorities" in the superior court *after* it had announced its decision. In his briefs on appeal counsel for appellant attempts to treat his statements in the memorandum *as evidence*. This cannot be done.

■ Every intendment and presumption is in favor of the validity of an arbitration award and the burden is on the party claiming any invalidity to support such claim with evidence. (*Lesser Towers, Inc.* v. *Roscoe-Ajax Constr. Co.* (1969) 271 Cal.2d 675, 695 [77 Cal.Rptr. 100]; *Horn* v. *Gurewitz* (1968) 261 Cal.App.2d 255, 261 [67 Cal.Rptr. 791]; *McRae* v. *Superior Court* (1963) 221 Cal.App.2d 166, 170 [34 Cal.Rptr. 346, 98 A.L.R.2d 1239]; 5 Cal.Jur.2d, Arbitration and Award § 44, p. 123.)

There not being any such evidence in the record, we hold *as a matter of law* that the father should be deemed to have been alive at the moment when the arbitrator signed the award. We therefore do not discuss what the legal effect upon the validity of the award would be if our holding were otherwise.

## Nature of Arbitration Award

■ The arbitration statute (Code Civ. Proc., § 1280 et seq.) makes it clear that an unconfirmed award is not a judgment: "An award that has not been confirmed or vacated has the same force and effect as a *contract in writing* between the parties to the arbitration." (Code Civ. Proc., § 1287.6; italics added.)

An award may be converted into a judgment, however, if a *court* grants a petition to confirm it: "Any party to an arbitration in which an award has been made may petition *the court* to confirm, correct or vacate the award." (Code Civ. Proc., § 1285; italics added.)

■ Once confirmed, "[t]he judgment so entered has the same force and effect as, and is subject to all the provisions of law relating to, a judgment in a civil action;[1] and it may be enforced like any other judgment of the court in which it is entered." (Code Civ. Proc., § 1287.4.)

■ An arbitration award not validly confirmed is nevertheless binding upon the parties as a written contract (Code Civ. Proc., § 1287.6, *supra; Doyle* v. *Giuliucci* (1965) 62 Cal.2d 606, 609 [43 Cal.Rptr. 697, 401 P.2d 1]) and becomes an asset of the estate of the recipient of such award upon his death. (See Civ. Code, § 954.) ■ Yet under the arbitration statute a petition which seeks confirmation of an award is in the nature of a complaint in a civil action which seeks a judgment upon a written contract.

It follows that the filing of the petition herein, like the filing of a complaint in a civil action (Code Civ. Proc., § 350), commenced the action for confirmation of the arbitration award.

■ The law is well settled that "[i]f the plaintiff or defendant was dead before the action was begun, the judgment is void and subject to collateral attack, because he *never was a party,* i.e., the court never acquired jurisdiction of the person. (See *Conlin* v. *Blanchard* (1933) 219 C. 632, 635, 28 P.2d 12 [dead defendant]; 21 Cal. L.Rev. 519; Rest., Judgments § 78, Comment b.)" (1 Witkin, Cal. Procedure (1954) Jurisdiction § 137, p. 399; to same effect: *Woolley* v. *Seijo* (1964) 224 Cal.App.2d 615, 620 [36 Cal.Rptr. 762]; *Lundblade* v. *Phoenix* (1963) 213 Cal.App.2d 108, 112 [28 Cal.Rptr. 660]; 28 Cal.Jur.2d, Judgments § 61, p. 695; 3 Witkin, Cal. Procedure (1954) Judgment § 10, p. 1884.)

■ We therefore hold that a duly appointed representative of the estate

---

[1]The sections of the Code of Civil Procedure on Arbitration (§§ 1280-1293.2) are contained in Title 9 ("Arbitration") of Part 3 ("Special Proceedings of a Civil Nature") whereas that part of the Code of Civil Procedure dealing with civil actions is contained in Part 2 ("Civil Actions").

of Early Walter, deceased, is the necessary and proper party to petition the superior court for confirmation of the award to him and that the judgment appealed from must be reversed insofar as it purports to confirm the award made to Early Walter. Such holding makes it unnecessary to discuss any of the other points raised on appeal.

The portion of the judgment confirming the award to Early Walter is reversed; the remainder of the judgment is affirmed.

Shoemaker, P. J., and Taylor, J., concurred.