[Civ. No. 27233. First Dist., Div. One. Sept. 3, 1971.]

AUDREE L. JONES, Plaintiff and Appellant, v.
DAVID KVISTAD, Defendant and Respondent.

DAVID KVISTAD, Plaintiff and Respondent, v.
AUDREE L. JONES, Defendant and Appellant.

(Consolidated Cases.)

## COUNSEL

John J. Ford III for Plaintiff and Appellant and for Defendant and Appellant.

Stanley W. Blackfield, Douglas & McEnhill and Crosby, Heafey, Roach & May for Defendant and Respondent and for Plaintiff and Respondent.

## OPINION

**MOLINARI, P. J.** — This is an appeal by Audree L. Jones (hereinafter "Jones") from a judgment entered on an arbitrators' award.[1]

Jones contracted with David Kvistad (hereinafter "Kvistad") to construct an apartment house according to plans and specifications drawn by Jones' architect. Construction was commenced and substantially completed. Jones claimed that the construction was not in exact conformity with the architect's plans and instituted an action against Kvistad for breach of contract. Kvistad brought a separate action to foreclose a mechanic's lien. The two actions were consolidated and, on agreement of counsel for the respective parties, the matter was submitted to arbitration.

Following arbitration proceedings the arbitrators made their award determining that after credits and offsets Kvistad was entitled to the sum of $7,419.53. The award reflected that among the credits to which Jones was entitled was the sum of $8,194.82 representing the value of the work done by another contractor to correct deficiencies and to repair water damage, and the value of uncompleted contract work.

Kvistad, pursuant to Code of Civil Procedure section 1285,[2] filed a petition in the court below to confirm the award. Jones thereupon filed a response in which she prayed that the award be modified in certain particulars. Among the modifications sought was a request that the court "Correct the valuations . . . to show an additional $75,000 damages attributable to the general contractor." At the hearing of said petition one of the arbitrators testified that the three arbitrators had agreed that the property had

---

[1]The notice of appeal states that the appeal is from the "Order Confirming Arbitrators' Award." Such an order is not final and therefore nonappealable. However, since the "Judgment on Arbitrators' Award" had already been entered and no prejudice resulted from the error, we construe the instant appeal as having been taken from the final judgment. (See *Hohn* v. *Hohn,* 229 Cal.App.2d 336, 338 [40 Cal.Rptr. 125]; *Evola* v. *Wendt Construction Co.,* 158 Cal.App.2d 658, 661 [323 P.2d 158]; *Deward* v. *La Rue,* 235 Cal.App.2d 59, 60, 62 [44 Cal.Rptr. 886].)

[2]Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

depreciated in value to the extent of $75,000 by reason of the improper construction, but that neither this amount nor the reduced market value of the building was reflected in the award because the market value of the building was not a matter for arbitration.

The trial court made its order confirming the award as made by the arbitrators. In said order the court found that the arbitrators did not consider the depreciation in the market value of the building to be within the scope of the arbitration, and specifically determined that such was not an issue embodied in the arbitration agreement. A judgment confirming the award was thereupon entered ordering that Kvistad recover from Jones the sum of $7,419.53, together with costs.

■ Jones contends that the arbitrators improperly excluded the depreciation in market value of the building in awarding damages. She urges that we should modify the award to reflect a credit in her favor in the amount of $75,000, or, in the alternative, that we should reverse the order with directions that the arbitrators decide the issue of the reduction in the market value of the building.

■■ Before reaching the merits of Jones' contention we observe that an award that has not been confirmed or vacated has the force and effect of a contract in writing between the parties to the arbitration (§ 1287.6), and that it becomes a judgment if a court grants a petition to confirm it. (§ 1285; *Walter* v. *National Indem. Co.*, 3 Cal.App.3d 630, 634 [83 Cal. Rptr. 803].) When an award has been made any party to an arbitration may seek to confirm it; if a party is dissatisfied with the award he may petition the court to correct or vacate it. (§§ 1285; 1285.2.) Accordingly, where an arbitration award has been made, the superior court is limited in the extent of the relief it may grant. It may confirm the award as made or correct the award and confirm it as corrected, or it may vacate the award.[3] (§ 1286; *Beckett* v. *Kaynar Mfg. Co., Inc.*, 49 Cal.2d 695, 698 [321 P.2d 749].) If the award is confirmed, judgment must be entered in conformity therewith. (§ 1287.4.)

■ It is well settled that every intendment will be indulged to give effect to arbitration proceedings (*Ulene* v. *Murray Millman of California*, 175 Cal.App.2d 655, 660 [346 P.2d 494]; *Riley* v. *Pig'n Whistle Candy Co.*, 109 Cal.App.2d 650, 650-651 [241 P.2d 294]), and that when an award is made on an unqualified submission the findings of the arbitrators on questions of law as well as on questions of fact are final and conclusive and may not be reviewed by the courts except as provided by statute. (*Crofoot* v. *Blair Holdings Corp.*, 119 Cal.App.2d 156, 186 [260 P.2d

---

[3]In a proper case the court may also dismiss the proceedings. (§ 1286.)

156]; *B. S. B. Constr. Co.* v. *Rex Constr. Co.*, 200 Cal.App.2d 327, 334 [19 Cal.Rptr. 167]; *Hohn* v. *Hohn, supra,* 229 Cal.App.2d 336, 343.)

In the present case Kvistad petitioned to confirm the award and Jones, by her response, pursuant to section 1285.2, sought to correct the award. Jones' response did not seek to vacate the award, although, on this appeal for the first time, Jones appears to assert that such was the nature of her petition by way of response. ■■■ The sole grounds for correcting an arbitrators' award are found in section 1286.6 and a dissatisfied litigant is limited thereto. (*Durand* v. *Wilshire Ins. Co.*, 270 Cal.App.2d 58, 60 [75 Cal.Rptr. 415]; see *Ulene* v. *Murray Millman of California, supra,* 175 Cal.App.2d 655, 660-661.) That section provides that an award may be corrected and confirmed as corrected ". . . if the court determines that: (a) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award; (b) The arbitrators exceeded their powers but the award may be corrected without affecting the merits of the decision upon the controversy submitted; or (c) The award is imperfect in a matter of form, not affecting the merits of the controversy."

The thrust of Jones' contention on appeal is that the arbitrators failed to find on the issue of depreciation of market value. This contention is not embraced within any of the subdivisions of section 1286.6. Clearly it is beyond the purview of subdivisions (a) and (c), and most certainly it is not a matter that "may be corrected without affecting the merits of the decision upon the controversy submitted" within the meaning of subdivision (b). The contention, if meritorious, requires that the award be vacated pursuant to section 1286.2, providing for the grounds upon which a court shall vacate the award,[4] since the failure to find on all issues submitted to arbitration is a statutory ground for vacating an award. (*Banks* v. *Milwaukee Ins. Co.,* 247 Cal.App.2d 34, 38 [55 Cal.Rptr. 139]; see *Ulene* v. *Murray Millman of California, supra,* 175 Cal.App.2d 655, 661.)

As already pointed out, Jones did not seek to vacate the award in the

---

[4]Section 1286.2 provides: "Subject to Section 1286.4, the court shall vacate the award if the court determines that:

"(a) The award was procured by corruption, fraud or other undue means;

"(b) There was corruption in any of the arbitrators;

"(c) The rights of such party were substantially prejudiced by misconduct of a neutral arbitrator;

"(d) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted; or

"(e) The rights of such party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title."

trial court but only to modify and correct it. She now asserts on appeal a new claim for relief not made below, i.e., that the trial court should have vacated the award. ■ Ordinarily a party is prohibited from asserting on appeal claims to relief not asserted or requested in the court below. (*Algeri* v. *Tonini*, 159 Cal.App.2d 828, 832 [324 P.2d 724]; *Shanahan* v. *Macco Constr. Co.*, 224 Cal.App.2d 327, 340 [36 Cal.Rptr. 584]; *Peoples Finance etc. Co.* v. *Mike-Ron Corp.*, 236 Cal.App.2d 897, 904 [46 Cal. Rptr. 497]; *Dimmick* v. *Dimmick*, 58 Cal.2d 417, 422-423 [24 Cal.Rptr. 856, 374 P.2d 824].)

■ Assuming, arguendo, that it may be said that Jones did seek such relief in the court below because she did tender to the trial court the question that an arbitrable issue had not been determined by the arbitrators and evidence to establish such failure was presented at the hearing, we proceed to determine Jones' contention on its merits since relief by way of vacating the award was the proper remedy if Jones is correct in her contention. We perceive, moreover, that since the subject issue was presented for adjudication and the facts upon which it was predicated are not in dispute, only a question of law is presented and we may proceed to decide it. (See *Harris* v. *Alcoholic Bev. etc. Appeals Bd.*, 245 Cal.App.2d 919, 924 [54 Cal. Rptr. 346]; *Grover* v. *Tindall*, 242 Cal.App.2d 427, 434 [51 Cal.Rptr. 617].)

■ We here observe that although the testimony of the arbitrator at the hearing could not be used to impeach the award, it was admissible to show what matters were submitted for decision and were considered by the arbitrators. (*Sapp* v. *Barenfeld*, 34 Cal.2d 515, 523 [212 P.2d 233].)

■ ■ The arbitration in the instant case was submitted on the basis of a provision in the builder's contract providing for arbitration. That provision reads as follows: "TENTH. Should any dispute arise between the Owner and Contractor respecting the true construction of the drawings and specifications, or should any dispute arise between the parties thereto respecting the valuation of the extra work done, or work omitted, the disputed matter shall be referred to, and decided by, two competent persons who are experts in the business of building—one to be selected by the Owner, and the other by the Contractor; and in case they cannot agree, these two shall select an umpire, and the decision of any two of them shall be binding on all parties." Accordingly, the arbitrators' jurisdiction or authority to act is derived from and limited by such provision. (*Bierlein* v. *Johnson*, 73 Cal.App.2d 728, 733 [166 P.2d 644]; *Flores* v. *Barman*, 130 Cal.App.2d 282, 287 [279 P.2d 81]; *Crofoot* v. *Blair Holdings Corp.*, *supra*, 119 Cal.App.2d 156, 184.)

The construction of the subject provision was a question of law. Its meaning and extent was for the arbitrators and not the courts to resolve. (*Lesser Towers, Inc.* v. *Roscoe-Ajax Constr. Co.*, 271 Cal.App.2d 675, 696 [77 Cal.Rptr. 100]; *Morris* v. *Zuckerman*, 69 Cal.2d 686, 690 [72 Cal.Rptr. 880, 446 P.2d 1000].) The provision was construed by the arbitrators to mean that the depreciation in the market value of the property for failure to construct the building in accordance with the terms of the contract was not an arbitrable issue but that the issue before them was the *value* of the work omitted by Kvistad and the *value* of the extra work which Jones was required to do by reason of Kvistad's failure to fully perform his contract. The issue of the damages suffered by Jones was clearly before the arbitrators and they determined that the measure of such damages was the sum required to make the building conform to the contract, i.e., the sum of $8,194.82 which Jones paid to another contractor to make the building conform to the contact.

The determination of which issues were actually necessary to the ultimate decision was a question to be resolved by the arbitrators. (*Lesser Towers, Inc.* v. *Roscoe-Ajax Constr. Co.*, supra, 271 Cal.App.2d 675, 702; *Morris* v. *Zuckerman*, supra, 69 Cal.2d 686, 690.) ■ Whether they were right or wrong, the arbitrators decided the issue that was properly before them, and the decision arrived at was one that the parties by their contract agreed should be conclusive. If there is an error in law it is not reviewable by the courts unless we are able to say that the arbitrators gave a completely irrational construction to the provision in dispute. (*Lesser Towers, Inc.* v. *Roscoe-Ajax Constr. Co.*, supra, at p. 701.) As observed in *National Cash Register Co.* v. *Wilson*, 8 N.Y.2d 377 [208 N.Y.S.2d 951, 955-956, 171 N.E.2d 302] quoted with approval in *Lesser*, "The mere fact that a different construction could have been accorded the provisions concerned and a different conclusion reached does not mean that the arbitrators so misread those provisions as to empower a court to set aside the award. . . ."

■ In the instant case the construction given the subject provision is not completely irrational. To the contrary, it conforms to the general rule that the measure of damages for the breach of a building construction contract, where the work is to be done on the plaintiff's property, is ordinarily such sum as is required to make the building conform to the contract. (Civ. Code, § 3300; *Coughlin* v. *Blair*, 41 Cal.2d 587, 600 [262 P.2d 305]; *Kitchel* v. *Acree*, 216 Cal.App.2d 119, 123 [30 Cal.Rptr. 714]; *Shell* v. *Schmidt*, 164 Cal.App.2d 350, 357-366 [330 P.2d 817, 76 A.L.R.2d 792]; see *Henderson* v. *Oakes-Waterman, Builders*, 44 Cal.App.2d 615, 618 [112 P.2d 662].) In such situations, the diminution in value rule cannot be invoked and the measure of damages is not the difference between

the actual value of the property and its value had it been constructed in accordance with the plans and specifications. (*Kitchel* v. *Acree, supra*; *Shell* v. *Schmidt, supra*; see *Adams* v. *Hiner*, 46 Cal.App.2d 681, 682-683 [116 P.2d 630].)

In *Sapp* v. *Barenfeld, supra*, 34 Cal.2d 515, the circumstances presented were similar to those in the instant case. There the arbitrators found that the contractors failed to conform to the specifications in several instances in reconstructing a building. An award was made to the contractors after deducting the cost necessary to remedy the defects. The contractors petitioned to have the award confirmed and the owner of the building contested the petition and moved to vacate the award, in part, upon the ground that the arbitrators had failed to make an express finding in the award on the owner's claim of damages for delay in completion of the building.[5] The Supreme Court held that such failure did not invalidate the award. (At pp. 522-524.) In so holding the reviewing court observed that an award is valid if it serves to settle the entire controversy and that "A decision simply that one of the parties should pay the other a sum of money is sufficiently determinative of all items embraced in the submission. [Citations.]" (At p. 523.) The Supreme Court also stated as follows: "Even though a party expressly asserts a lawful claim in the submission or raises it by the presentation of evidence to the arbitrators, the law does not guarantee that the claim will be allowed. Arbitrators, unless specifically required to act in conformity with rules of law, may base their decision upon broad principles of justice and equity, and in doing so may expressly or impliedly reject a claim that a party might successfully have asserted in a judicial action. [Citations.] . . . If it can only be implied from the facts alleged, the failure to consider it is only an error of judgment that in the absence of fraud or gross misconduct is not subject to judicial review. 'Even if the omission to find as to those items was due to a mistake on the part of the arbitrators, nevertheless the omission was in effect a disallowance of those items, which became final and conclusive when the award was made. . . .' [Citations.]" (At pp. 523-524.)

The judgment is affirmed.

Sims, J., and Elkington, J., concurred.

---

[5]The owner introduced an affidavit of an arbitrator that the item of damage from the delay in completion had not been considered by the arbitrators and the trial court made a finding to this effect. (At p. 523.)