Filed 10/4/13  In re Caleb P. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re CALEB P., a Person Coming Under the Juvenile Court Law. | B248393 (Los Angeles County Super. Ct. No. MJ21598) |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>CALEB P.,<br><br>        Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Robin Miller Sloan, Judge.  Affirmed.

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, , Eric E. Reynolds and Connie H. Kan, Deputy Attorneys General, for Plaintiff and Respondent.

The minor, Caleb P., appeals from a wardship order based upon a finding he committed felony vandalism.  (Pen. Code, § 594, subds. (a) & (b)(1); Welf. & Inst. Code, § 602.)  The juvenile court found the offense was a felony because the damage exceeded $400.  (Pen. Code, § 594, subd. (b)(1).)  The victim testified he received estimates of $3,000 to repair scratches to his vehicle.  That testimony was inadmissible hearsay.  (Evid. Code, § 1200; *Le Brun v. Richards* (1930) 210 Cal. 308, 319-320; *McCoy v. Gustafson* (2009) 180 Cal.App.4th 56, 111, fn. 26; *Kitchel v. Acree* (1963) 216 Cal.App.2d 119, 125; *Garfinkle v. Montgomery* (1952) 113 Cal.App.2d 149, 158-159.)  On appeal, the minor argues it was prejudicial error to admit the hearsay testimony.  The minor forfeited this claim, however, by failing to object to the testimony in the juvenile court.  (*People v. Homick* (2012) 55 Cal.4th 816, 870; *People v. Waidla* (2000) 22 Cal.4th 690, 717.)  In any event, any error was harmless.  (*People v. Sakarias* (2000) 22 Cal.4th 596, 630; *People v. Watson* (1956) 46 Cal.2d 818, 836.)  The victim testified his car was scratched on the passenger side and hood.  Two of its tires were flat.  He paid $60 to replace the damaged tires with *used* tires.  Even absent the victim's testimony regarding the $3,000 estimates, the juvenile court could reasonably conclude, based on the victim's description, that the damage to the vehicle exceeded $400.  It would not be speculative for the trial judge to consider as common knowledge the high cost of auto body repair.

There is no merit to the minor's ineffective assistance claim.  The record contains no explanation for the failure to object or otherwise litigate the issue.  (*People v. Mai* (2013) 57 Cal.4th 986, ___ [161 Cal.Rptr. 3d 1, 24]; *People v. Vines* (2011) 51 Cal.4th 830, 875-876.)

Further, because the minor cannot demonstrate prejudice on direct appeal, his ineffective assistance of counsel contention also fails.  (*People v. Jennings* (2010) 50 Cal.4th 616, 654, fn. 15; *People v. Waidla, supra,* 22 Cal.4th at pp. 718-719.)

The wardship order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P.J.


We concur:



MOSK, J.



KUMAR, J.*

_____

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


3