Filed 10/13/21  Clohecy v. Robertson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| MARTHA CLOHECY, | |
| Plaintiff and Respondent, | E073927 |
| v. | (Super.Ct.No. RIC466497) |
| MARLENE Z. ROBERTSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Chad W. Firetag, Judge.

Affirmed.

The Freeman Law Group, Jordan M. Freeman, and Vance M. Rasmussen for

Defendant and Appellant.

The Law Office of Richard L. Boyer and Richard L. Boyer for Plaintiff and

Respondent.

In 2009, Martha Clohecy obtained a default judgment against Marlene Z.

Robertson.  Martha was incompetent; her adult daughter Darcy Clohecy had been

1

appointed as her guardian ad litem. As far as the record shows, however, Darcy took no steps to enforce the judgment before Martha died in 2012.

In 2019 — just two days before the judgment was due to expire — an attorney purporting to represent Martha filed an application to renew the judgment. It was granted automatically.

Robertson filed a motion to vacate the renewal. She argued that, because Martha had died, no attorney had the authority to represent her; and because no successor in interest had been substituted into the action, no one had standing to renew the judgment.

Darcy, through the same attorney, filed an opposition. She testified that she was Martha's successor in interest. She argued that, as such, she was entitled to renew the judgment, and she did not need to be substituted into the action for that purpose.

We will hold that, while the attorney had no authority to represent Martha, he did have the authority to represent Darcy. We need not decide whether Darcy was required to be formally substituted in before she could renew the judgment. Even assuming she was, Robertson has not shown prejudice. Robertson owes the money to somebody, and Darcy showed that she is at least one such somebody. Darcy provided all of the information that a person seeking to be substituted in would be required to provide. Robertson can still argue, in opposition to any future efforts by Darcy to enforce the judgment, that Darcy must be substituted in and/or that Darcy is not Martha's only successor in interest. Accordingly, the error, if any, was harmless and not reversible.

2

# I

## FACTUAL AND PROCEDURAL BACKGROUND

In February 2007, Martha filed this action against multiple defendants, including Robertson. Martha was represented by Attorney Craig P. Keup. The trial court appointed Darcy as Martha's guardian ad litem.

The complaint is not in the record. Evidently, however, it sought damages for the alleged abuse, mistreatment, and neglect of Martha while she was a patient in two medical facilities — first Ember Care, then Cloverleaf Healthcare Center. Robertson was involved as the alleged owner of a company that operated Cloverleaf.

In November 2007, Robertson's default was entered. On March 13, 2009, a default judgment was entered against her for $342,924.24.

In 2012, Martha died without a will.

In 2015, Attorney Keup filed an association of counsel, purporting to associate Attorney Richard L. Boyer "as counsel for plaintiff, Martha Clohecy."

On March 11, 2019 — just two days before the 10-year deadline (§§ 683.020, 683.130, subd. (a))[1] — Attorney Boyer, purportedly as attorney for Martha, filed an application for renewal of the judgment. The judgment was therefore renewed automatically. (See *Goldman v. Simpson* (2008) 160 Cal.App.4th 255, 262.) With interest, it had grown to $685,198.24.

---

[1] These and all further statutory citations are to the Code of Civil Procedure, except as otherwise indicated.

Robertson filed a timely motion to vacate the renewal of the judgment. She introduced evidence of Martha's death. She also introduced evidence that "no other proceedings were held before the Probate, Family Law, or Civil Departments of the Riverside County Superior Court in connection with appointment of any 'personal representative' or 'successor in interest' for [Martha]." Finally, she noted that no successor in interest had been substituted into the action.

She argued that "no party before this Court has standing to enforce the judgment" and "no attorney before this court has the capacity or authority to file the application for . . . renewal of judgment." (Capitalization altered.) She added: "[A]ny 'successor in interest' must comply with the requirements of . . . §§ 377.31 and 377.32 by moving for substitution in place of the decedent before the court that entered the judgment, with substantial evidence of succession to the decedent's interest."

In broad brush, section 377.31 provides that, on motion, a decedent's personal representative or successor in interest can continue to litigate an action filed by the decedent. Section 377.32 requires a person who seeks to continue a "pending action" as a decedent's successor in interest to file a sworn statement containing certain information.

Robertson also argued that, due to Martha's death, Attorney Keup had no authority to associate Attorney Boyer, and Attorney Boyer had no authority to represent Martha.

Attorney Boyer filed an opposition to the motion, purportedly on behalf of Martha, "by and through [her] [g]uardian ad litem and successor in interest," Darcy.

4

In support of her opposition, Darcy testified: "I am the daughter of . . . Martha Clohecy." "I am Martha's successor in interest in the Judgment." "No other person has a superior right to pursue the [j]udgment on behalf of Martha's estate." "There was no legal administration of Martha's estate, and no proceeding is now pending in California for the administration of Martha's estate." She attached a certified copy of Martha's death certificate.

Darcy argued that section 377.22, requiring a successor in interest to file a sworn statement, did not apply, because once judgment was entered, there was no longer any "pending action." Rather, the applicable statute was section 686.010, which provides that "[a]fter the death of [a] judgment creditor, the judgment may be enforced . . . by the judgment creditor's . . . successor in interest." Darcy's opposition did not discuss Attorney Boyer's authority.

One of the documents that Robertson introduced stated that Martha had three children. Back in 2008, Kathleen Clohecy — Martha's daughter and Darcy's sister — had filed a declaration. Otherwise, however, as far as the papers before the trial court showed, Kathleen did not exist.[2] Robertson did not argue that the renewal of the judgment exposed her to multiple liability to Kathleen as well as Darcy.

The trial court denied the motion. It adopted its tentative ruling, which is not in the record. Apparently, however, it accepted Darcy's argument.

---

[2] According to Martha's death certificate, when she died, she was a widow. According to a family history that Robinson introduced, however, Martha's husband, Walter J. Clohecy, Jr., died after Martha, in 2017.

5

II

DARCY'S STANDING

Robertson contends that the trial court erred by refusing to vacate the renewal, because Darcy had not substituted into the action pursuant to section 377.31, and because Darcy had not filed a sworn statement pursuant to section 377.32.

A.    *Failure to Be Substituted in*.

In general, the beneficiary of a decedent's estate is the successor in interest to the decedent's pending causes of action.  (§§ 377.10, 377.11, 377.20, subd. (a), 377.21.)  "On motion," the court can order the substitution of a decedent's successor in interest. (§ 377.31.)

"As a general proposition, . . . judgment cannot be rendered for or against a decedent, nor  . . . for or against a personal representative of a decedent's estate until the representative has been made a party by substitution.  [Citations.]"  (*Sacks v. FSR Brokerage, Inc.* (1992) 7 Cal.App.4th 950, 957.)  Presumably the same principle applies to a successor in interest other than a personal representative.

Darcy argues that she did not have to comply with sections 377.31 and 377.32 because, once a judgment has been entered, the action or proceeding is no longer "pending."  (See § 1049; but see *Mark Briggs & Associates, Inc. v. Kinestar, Inc.* (1983) 143 Cal.App.3d 483, 486.)  She claims that under section 686.010, she merely had to show that, as a factual matter, she was Martha's successor in interest.

We need not decide whether this reasoning is correct. "Failure to substitute . . . is merely a procedural irregularity, not an act in excess of jurisdiction. [Citation.]" (4 Witkin, Cal. Procedure (5th ed. 2020) Pleading, § 259, p. 335.) Accordingly, Robertson is not entitled to reversal unless she can show prejudice from Darcy's failure to be substituted. (*Sacks v. FSR Brokerage, Inc.*, *supra*, 7 Cal.App.4th at pp. 958-960.)

Robertson claims that she has been prejudiced because the judgment was renewed and now encumbers all of her real and personal property. The question, however, is not whether she has been prejudiced by renewal of the judgment, but rather whether she has been prejudiced by the failure to substitute Darcy *before* renewal of the judgment. Otherwise, a failure to substitute plaintiffs before entry of judgment could *never* be held harmless, as *Sacks* held it can.

Robertson also claims that she has been prejudiced because she is exposed to liability to Kathleen. Kathleen's status is shadowy. Darcy glossed over Kathleen's existence below by declaring herself "the daughter" — rather than "a daughter" — of Martha. Darcy now asserts, "For the sake of simplification, Darcy Clohecy is the only successor to Martha Clohecy mentioned in this brief. Sister Kathleen Clohecy's status is not germane to this [a]ppeal." This assurance raises more questions than it answers. Why the qualifier, "mentioned in this brief"? Are there other successors not mentioned in the brief? And why, according to Darcy, is Kathleen not a successor? Martha died without a will. Hence, all of her children should be successors. (Prob. Code, § 6402, subd. (a).) Darcy does not explain.

7

Robertson is partly to blame for this confusion. Her own evidence showed that Martha had three children. Nevertheless, she did not raise any issue regarding Kathleen below, evidently choosing instead to gamble on having the renewal of the judgment vacated irrevocably, due to the lapse of the time to renew it.

Nevertheless, we can resolve this appeal without having the answers to all of these questions. On this record, Darcy was at least one of Martha's successors in interest. Robertson did owe the money to Martha, and she still owes it to Darcy (although perhaps also to Kathleen). Therefore, Darcy had standing to renew the judgment. We are not deciding whether one of two joint creditors can renew a judgment without joining the other; Robertson forfeited this issue by not moving to vacate the renewal on this ground.

At this point, the judgment has been renewed in the name of Martha. This was error. "The renewal of a judgment . . . may be vacated on any ground that would be a defense to an action on the judgment . . . ." (§ 683.170, subd. (a).) The fact that the plaintiff died before an action was filed is a defense. (See *Walter v. National Indem. Co.* (1970) 3 Cal.App.3d 630, 634.) Accordingly, the renewal of a judgment should be vacated if the named applicant has died. The trial court, however, has the option of entering "another and different renewal." (§ 683.170, subd. (c).) Here, rather than allow the renewal in Martha's name to stand, the trial court should have vacated the renewal and renewed the judgment in the name of the appropriate successor in interest. As Robertson had raised no issue regarding Kathleen, that would have been Darcy.

The trial court's error, however, was harmless. "[T]he death of a party pending suit does not oust the jurisdiction of the court, and hence . . . the judgment is voidable only, not void. This does not mean that a judgment can be really rendered for or against a dead man, but that it can be rendered nominally for or against him, as representing his heirs, or other successors, who are the real parties intended." (*Todhunter v. Klemmer* (1901) 134 Cal. 60, 63.) Here, similarly, in the absence of any prejudice, the erroneous renewal of the judgment in Martha's name was effectively for the benefit of her successor(s) in interest.

Most important, the trial court's error canceled out any possible prejudice to Robertson. If it had renewed the judgment in Darcy's name, Robertson might indeed be exposed to multiple liability (though through her own fault, at least in part). At this point, however, the trial court has determined only that Darcy is a successor in interest to the judgment; it has not determined whether there are any others. If and when someone takes steps to *enforce* the judgment, Robertson will be free to challenge his, her, their, or its standing to do so; she will be free to argue that no one should be allowed do so until there has been a proper formal substitution. We do not predetermine any of these issues.

B.      *Failure to File the Requisite Sworn Statement*.

Section 377.32 provides:

"The person who seeks . . . to continue a pending action or proceeding as the decedent's successor in interest . . . shall execute and file an affidavit or a declaration under penalty of perjury . . . stating all of the following:

9

"(1) The decedent's name.

"(2) The date and place of the decedent's death.

"(3) 'No proceeding is now pending in California for administration of the decedent's estate.'

"(4) If the decedent's estate was administered, a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest.

"(5) Either of the following, as appropriate, with facts in support thereof:

"(A) 'The affiant or declarant is the decedent's successor in interest . . . and succeeds to the decedent's interest in the action or proceeding.'

"(B) 'The affiant or declarant is authorized to act on behalf of the decedent's successor in interest . . . with respect to the decedent's interest in the action or proceeding.'

"(6) 'No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding.'

"(7) 'The affiant or declarant affirms or declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct.'"

Darcy complied — at least substantially — with section 377.32. "'Where a reasonable attempt has been made to comply with a statute in good faith, . . . the doctrine of substantial compliance holds that the statute may be deemed satisfied. [Citation.]' [Citation.] 'Substantial compliance means "'*actual* compliance in respect to the substance essential to every reasonable objective of the statute,' as distinguished from

10

'mere technical imperfections of form'" [citation].' [Citation.]" (*People v. Green* (2004) 125 Cal.App.4th 360, 371.)

In response to Robinson's motion to vacate, Darcy submitted a declaration that supplied essentially all of the information that section 377.32 required. It included the decedent's name; the date and place of the decedent's death (which were listed on the death certificate); a statement that there was no pending proceeding for administration of the decedent's estate; a statement that Darcy was the decedent's successor in interest; and a statement that no other person had a superior right to be substituted. All of this was under penalty of perjury. The fact that Darcy filed the declaration after the judgment was renewed, rather than before, did not prejudice Robertson.

III

ATTORNEY BOYER'S AUTHORITY

Robertson contends that Attorney Boyer had no authority to file the application for renewal.

"As a general rule the authority of an attorney to act for his client normally ends with the client's death. [Citations.]" (*Estate of Lanza* (1964) 229 Cal.App.2d 720, 724; accord, *Deiter v. Kiser* (1910) 158 Cal. 259, 262.)

After Martha's death, Attorney Keup had no authority to represent her. We may assume, without deciding, that he therefore also had no authority to represent Darcy, in her capacity as guardian ad litem. From this assumption, it follows that the association of

11

counsel that he filed in 2015, purportedly associating Boyer as counsel for Martha, was void.

It also follows that the application for renewal of the judgment that Boyer filed in 2019 was void, to the extent that Boyer was acting either (1) as attorney for Martha or (2) as attorney for Darcy, in her capacity as guardian ad litem.

Nevertheless, Boyer had the authority to file the application for renewal as attorney for Darcy in her own individual capacity. And as we have already held in part II.A, *ante*, Darcy had standing to apply for renewal of the judgment. The fact that he listed himself as attorney for Martha, rather than as attorney for Darcy, was not prejudicial.

We caution that we are not giving Boyer (or any other attorney) carte blanche to continue to purport to act in Martha's name. At this point, that could hardly be deemed a mistake. It would be a misrepresentation. Moreover, we cannot say that it would be harmless to Robertson, particularly given the uncertainty regarding Kathleen's rights.

## IV

## DISPOSITION

The order appealed from is affirmed.  Darcy is awarded costs on appeal against Robertson.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

RAPHAEL
J.